Robert Gordon **GODFREY**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–1169.

United States Court of Veterans Appeals.

Submitted January 30, 1992.

Decided April 15, 1992.

As Amended April 21 and May 4, 1992.

Robert G. Godfrey, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick were on the pleadings, for appellee.

Before MANKIN, IVERS, and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Appellant, Robert Gordon Godfrey, seeks reversal of a September 10, 1990, Board of Veterans' Appeals (BVA or Board) decision that denied service connection for his bilateral hearing loss. *Robert G. Godfrey*, BVA 90–30966 (Sept. 10, 1990). Upon review of the record, we find that the Board applied an incorrect legal standard with respect to the evidentiary basis required to establish service connection. Further, the Board utterly disregarded a significant issue raised by appellant, viz., the arguably doubtful credibility of the report of his separation physical examination (hereinafter referred to as "separation physical"). *See Gilbert v. Derwinski*, 1 Vet.App. 49, 58–59 (1990). Consequently, we deny appellee's motion for summary affirmance, and remand the case to the Board for further adjudication.

## I. BACKGROUND

Robert Gordon Godfrey, a veteran, served in the Army from September 1945 to May 1947. R. at 6. Apparently, during some portion of that time he served as a weapons instructor. The report of his separation physical, recorded in April 1947, noted that his uncorrected vision in both eyes was "20/20," and his "Hearing (Whispered voice)" was rated at "15/15" in each ear. R. at 3. Although appellant claims to have been examined for hearing loss while in service, no documentation of such treatment exists, possibly because most records of the veteran's service were destroyed in the 1973 fire at the National Personnel Records Center in St. Louis. Appellant underwent a Veterans' Administration (now the Department of Veterans Affairs) (VA) audiometric exam in June 1980, and a VA audiological exam in April 1989. R. at 5, 10. The BVA has acknowledged that these tests indicated bilateral hearing loss at high frequencies. *Godfrey*, BVA 90–30966, at 2. In June 1989, appellant filed a claim for compensation for service-connected vision loss, hearing loss, tinnitus, and athlete's foot. R. at 6–9. He contended that, in carrying out his duties as a weapons instructor, he had been repeatedly exposed to excessive noise without ear protec-

tion. R. at 7. Appellant submitted a Statement in Support of Claim that described his vision and hearing problems, including tinnitus and high-frequency hearing loss. R. at 12–13. In his statement, appellant informed the rating board that since childhood he had suffered from defective vision requiring corrective lenses.

A VA rating board denied service connection for all claimed conditions in February 1990. In March 1990, appellant filed a Notice of Disagreement with respect to the denial of his vision loss and hearing loss claims. The VA's Statement of the Case stated that "findings do not support onset or permanent aggravation of these conditions during active service or within the applicable presumptive period." R. at 35. (This statement would appear to be somewhat misleading in that neither hearing loss nor vision loss is a chronic disease entitled to any presumption of service connection under 38 U.S.C. §§ 1101(3) (formerly § 301(3)) and 1112(a)(1) (formerly § 312(a)(1)); see also 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (1991).)

In his appeal to the BVA, appellant called the Board's attention to the possibility that the results reported on his separation physical had been fabricated. He argued forcefully that the credibility of his separation physical report could be impeached by considering evidence that he had, in fact, suffered from a lifelong vision impairment. He contended that such evidence would show that, notwithstanding the notation of 20/20 uncorrected vision in the 1947 record of his separation physical, an accurate examination could not have found him to have normal vision at the time of his discharge; therefore, the entire report, including the "whisper test" results indicative of normal hearing, was highly suspect. Although appellant withdrew his claim for service-connected vision loss, he contended that the evidence regarding his vision claim was essential to a fair evaluation of his claim for service-connected hearing loss. R. at 39–40.

In its decision, the BVA did not mention, much less discuss or refute, appellant's attack on the credibility of the separation physical report. The Board described appellant's CONTENTIONS as follows:

> It is contended by the veteran that service connection is warranted for a bilateral hearing loss because it was incurred during his active military service. He relates that as a weapons and explosives instructor, over a basic training unit, he was not provided hearing protection. A favorable resolution of reasonable doubt is requested.

*Godfrey*, BVA 90–30966, at 2.

In THE EVIDENCE section of its decision, the Board described the separation physical report as follows:

> A report of physical examination of the veteran prior to separation from service, dated April 1947, indicates no pertinent abnormality concerning his ears. The veteran showed 15/15 hearing for whispered voice, bilaterally.

*Ibid.*

In its DISCUSSION AND EVALUATION, the Board noted:

> It is not doubted that the veteran was subjected to substantial amounts of loud noise on multiple occasions during his active military service. Although exposure to excessive levels of noise (acoustic trauma) can be the cause of chronic hearing loss in some individuals, the veteran's physical examination for purposes of separation from service showed no pertinent abnormality concerning his ears.

*Id.* at 3.

The BVA denied service connection for appellant's hearing loss, and a timely appeal to this Court followed.

## II. ANALYSIS

### A.

■ As an initial matter, we note that appellant has submitted for the Court's consideration a number of documents that were not included in the Secretary of Veterans Affairs' (Secretary) designation of the record. Appellant first proffered these items in his counter designation of the record. *See* U.S. Vet.App. R. 10(a). The counter designated materials included a medical test report dated March 13, 1991;

letters from two physicians in support of appellant's claim; photographs of appellant, dated 1932–1949; a letter from appellant's cousin offering testimony corroborating his assertion that he had worn eyeglasses since childhood; and a transcript of a television news program concerning hearing loss. Instead of responding to appellant's counter designation, the Secretary filed a record consisting solely of materials of appellee's own designation. Appellant then filed a "Motion for Correction or Modification of Transmitted Record on Appeal." On September 3, 1991, the Court denied appellant's motion, finding that the materials appellant sought to be included in the record had not been a part of his claims file at the time of the BVA decision. Appellant then tried a different tack. Citing Rule 28(h) of the Court's Rules of Practice and Procedure, he submitted a letter to the Clerk of the Court offering the materials he had counter designated (with the exception of the photographs) as a citation of supplemental authorities. Approximately one week later, appellant again wrote to the Clerk, enclosing an additional television news program transcript related to the subject of hearing loss.

Appellant's persistence with respect to this procedural matter must go unrewarded. His characterization of the aforementioned materials as "authorities" does not magically transform their status in this appeal. All of appellant's proffered supplementary materials are evidentiary in nature and, as such, may not come in through the back door by way of citation as "supplemental authorities." *See Trans–Sterling, Inc. v. Bible,* 804 F.2d 525, 528 (9th Cir.1986). The television news program transcripts, although arguably providing somewhat "authoritative" discussion of hearing loss, may only be characterized as a record of opinion. They obviously do not constitute legal authority; nor do they provide a description of "facts not subject to reasonable dispute." *Smith v. Derwinski,* 1 Vet.App. 235, 238 (1991) (citing Fed. R.Evid. 201(b)). It is not the role of this Court to serve as the initial finder of fact. Consequently, such materials, however relevant they may appear, may not be con-

sidered in the first instance by the Court. *See Green v. Derwinski,* 1 Vet.App. 121, 124 (1991); *Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990).

■ Appellant has also requested the Court to expunge the separation physical report from the record on appeal on the grounds of its alleged lack of credibility. *See* Br. of Appellant at 4. This the Court may not do. Under 38 U.S.C. § 7252(b) (formerly § 4052(b)), "[r]eview in the Court shall be on the record of proceedings before the Secretary and the Board." Here, the separation physical report was clearly considered by the Board; accurate or not, it is an essential component of the record in this appeal.

We also note that appellant seems to have misconstrued the scope of the authority of this Court to grant relief. In a later section of his informal brief, appellant requested that the Court:

1. Reverse the BVA decision and grant service connection for his hearing disability;

2. Order the VA to pay his disability-related medical expenses;

3. Order the VA to reimburse appellant for his time and expense in prosecuting this appeal; and

4. Order the VA to pay appellant compensation retroactive to his tour of duty.

*See* Br. at 11–13.

With respect to appellant's first request, it is well settled that in an appropriate case this Court has the authority to reverse the BVA's denial of service connection for a veteran's disability. *See* 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *see also, e.g., Willis v. Derwinski,* 1 Vet.App. 66 (1991). For the reasons set forth below, here we will not order the Board to award appellant service connection for his hearing loss; instead, we will remand the case to the Board for further consideration. *See* 38 U.S.C. § 7252(a). The remainder of appellant's prayer for relief seeks remedies that cannot be granted by the Court in this case.

■ This Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," 38 U.S.C. § 7252(a), and, as noted, such review is on the record of proceedings below. Inasmuch as the issue of appellant's entitlement to compensation for his disability-related medical expenses was not before the Board, that question may not be addressed in this appeal. *See Branham v. Derwinski,* 1 Vet. App. 93, 94 (1990). Further, we are aware of no authority, statutory or otherwise, that would permit the Court to order the Secretary to reimburse appellant for his time and expenses in pursuing a routine appeal. *But cf. Jones v. Derwinski,* 1 Vet.App. 596, 608 (1991) (ordering the Secretary to reimburse petitioners' expenses and attorney fees because of the professional misconduct of the Secretary's representatives).

Finally, because we are remanding this case to the BVA for further adjudication of the service-connection issue, the effective date of appellant's entitlement (if any) to compensation is not before the Court. We note that determination of the effective date would be governed by 38 U.S.C. § 5110(a) (formerly § 3010(a)), which states: "Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."

### B.

■ It is clear that the Board reached its determination that appellant's hearing loss "was not incurred in or aggravated by active military service," *Godfrey,* BVA 90–30966, at 4, on the basis of a flawed analysis. The Board reported the following FINDINGS OF FACT:

1. The veteran's service medical records, other than the report of his separation examination, are unavailable.
2. Hearing loss is not shown to have been present during the veteran's active military service.

*Id.* at 3. Pursuant to these factual findings, the Board determined that appellant had failed to establish service connection for his disability.

In reviewing the BVA decision, we conclude that the Board treated the lack of evidence that appellant experienced hearing loss during service as dispositive of his claim. The Board has evidently misinterpreted the law. To establish service connection, appellant was not obliged to show that hearing loss was present during active military service. Appellant may establish the required nexus between his current condition and his term of military service if he can show that his disability "result[ed] from personal injury suffered ... in line of duty." 38 U.S.C. § 1110 (formerly § 310). *Cf.* 38 C.F.R. § 3.303(d) (1991) (service connection may be granted for any disease diagnosed after separation when all the evidence establishes that the disease was incurred in service). If evidence should sufficiently demonstrate a medical relationship between the veteran's in-service exposure to loud noise and his current disability, it would follow that the veteran incurred an injury in service; the requirements of section 1110 would be satisfied. *See Douglas v. Derwinski,* 2 Vet.App. 103, 107–08 (1992) (BVA improperly failed to address possibility that sailor's skin cancer, first diagnosed years after discharge, was caused directly by his in-service exposure to sunlight as a deckhand in the Pacific Theater).

### C.

■ In pursuing his appeal before the BVA, appellant completed a VA Form 1–9 ("Appeal to Board of Veterans Appeals") to which he attached several additional pages elaborating on his arguments. The veteran expressly called the Board's attention to the possibility that the report of his separation physical did not accurately portray his physical condition at the time it was recorded. R. at 39. As we noted in Part I, *supra,* the Board simply ignored appellant's contentions on this point.

This Court has previously held that the BVA is not free to ignore the issues a

veteran raises in his appeal. *See Smith v. Derwinski*, 2 Vet.App. 137, 141 (1992). Here, the Board was not required to discount the separation physical report merely on the basis of appellant's assertions, especially to the extent that appellant failed to substantiate them. Nevertheless, the veteran's own statement to the effect that, contrary to the report, he possessed neither normal eyesight nor normal hearing at the time of his discharge, and that he could prove through extrinsic evidence that his eyesight had been defective since childhood, raised an issue that the Board was not entitled to brush aside in such cavalier fashion. *See* 38 C.F.R. § 19.123(a) (1991) ("The Board will construe such arguments [raised in VA Form 1-9] in a liberal manner for purposes of determining whether they raise issues on appeal.") (superseded by 57 Fed.Reg. 4112 (1992) (to be codified at 38 C.F.R. § 20.202)); 38 C.F.R. § 19.172 (1991) ("An appellant may submit ... information as to the availability of additional evidence after initiating an appeal.") (superseded by 57 Fed.Reg. 4125 (1992) (to be codified at 38 C.F.R. § 20.800)); *see also EF v. Derwinski*, 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski*, 1 Vet.App. 127, 129–30 (1991). Because the Board's denial of appellant's claim depended to a significant extent on the unfavorable evidence it found in his separation physical report, the Board's failure to address appellant's challenge to the report's credibility was severely prejudicial to the fair adjudication of his claim. In a case such as this, the VA and the BVA should have advised and encouraged the veteran to submit such evidence that he has which would impeach the credibility of the physical examination. On remand, if the Board continues its denial of appellant's claim, it will be required to make express findings as to the probative value of the separation physical report, and support its conclusions with an adequate statement of reasons or bases. *See Gilbert*, 1 Vet.App. at 59.

Further, upon remand the Board must afford appellant the opportunity to submit additional evidence, not only upon the question of the separation physical report's credibility, but also with respect to whether a cause-and-effect relationship exists between his in-service experience as a weapons instructor and his present hearing disability. For example, appellant may wish to offer for the Board's consideration the documents he improperly submitted to the Court in this appeal. In that event, the Board should determine whether further remand to the Regional Office is necessary. *See* 38 C.F.R. § 19.182(a) (1991) (concerning remand by Board to agency of original jurisdiction for further evidentiary development) (superseded by 57 Fed.Reg. 4105 (1992) (to be codified at 38 C.F.R. § 19.9)); 38 C.F.R. §§ 3.103(c)(1), (2), (d), 3.200 (1991) (concerning personal hearings and submission of evidence at Regional Office); 38 C.F.R. §§ 19.157(a), (b), 19.165 (1991) (concerning hearings and witnesses before BVA) (superseded by 57 Fed.Reg. 4119, 4122 (1992) (to be codified at 38 C.F.R. §§ 20.700, 20.710)); 38 C.F.R. §§ 19.173, 19.174 (1991) (concerning evidence received by agency of original jurisdiction subsequent to commencement of appeal to BVA) (superseded by 57 Fed.Reg. 4127–28 (1992) (to be codified at 38 C.F.R. § 20.1304)); *see also Littke v. Derwinski*, 1 Vet.App. 90, 92 (1990).

## III. CONCLUSION

In summary, we find that this case must be remanded to permit the development of further evidence and for application of the correct legal standard concerning proof of service connection. Accordingly, the BVA's decision of September 10, 1990, is VACATED. The case is REMANDED to the BVA for further proceedings consistent with this opinion.

*It is so Ordered.*