**Larry S. STONEKING, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–1220.

United States Court of Veterans Appeals.

Aug. 12, 1992.

Before STEINBERG, Associate Judge.

### MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Vietnam veteran Larry S. Stoneking, appeals from an April 19, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for bilateral hearing loss. Because the Court finds error in the Board's conclusion that there was no new and material evidence to reopen the appellant's claim, the Board's decision will be vacated and the matter remanded for reopening and full readjudication of the claim.

The veteran suffered injury to both ears as the result of a mine explosion in May 1967, during his service in Vietnam. He sustained a ruptured left tympanic membrane, slight hemorrhaging of the right ear, and bilateral hearing loss of at least seven months' duration. The report of his separation examination in October 1968 stated, under "PHYSICIAN'S SUMMARY", that there were "no sequelae" of his ear problem (R. at 25), and audiometric testing scores reported at separation showed threshold hearing levels of either 0, 5, or 10 decibels at all reported frequencies (R. at 27). The veteran, however, reported at that time that his "ears [were] still giving me a little trouble". R. at 24.

In January 1969 the appellant filed a claim with the Veterans' Administration (now Department of Veterans Affairs) (VA) for service-connected disability compensation for hearing loss. At a VA special ear, nose, and throat examination in March 1969, the veteran's hearing was reported to be within normal limits, with no deafness found, although the tympanic membranes were noted to be scarred, dull, and retracted, and his complaints of tinnitus were noted. R. at 40–42. Consequently, the veteran's claim for service connection for hearing loss was denied in a March 12, 1969, decision of the VA Regional Office (RO). R. at 46.

In April 1990, the veteran again applied for service connection for hearing loss. At a VA examination in June 1990, he was diagnosed with mild to moderate high frequency sensorineural hearing loss in the right ear and mild high frequency sensorineural hearing loss in the left ear. R. at 56. In a July 23, 1990, rating decision, the RO awarded service connection for tinnitus, at a 10% rating, and again denied service connection for hearing loss. R. at 58–59. The veteran submitted to the RO an August 21, 1990, letter from Dr. Monty R. Barker, noting that the veteran was exposed in Vietnam to "a significant noise trauma in the form of a land mine explosion", and stating that he had examined the veteran for hearing problems and had diagnosed bilateral neurosensory hearing loss of moderate severity. R. at 68. Dr. Barker further stated that the hearing loss was "quite possibly related to noise damage with secondary tinnitus." R. at 68. On October 24, 1990, the veteran appeared at a personal hearing before the RO, and testified under oath that he had had trouble hearing since the in-service injury to his ears. R. at 70–80.

In its April 19, 1991, decision, the BVA concluded that "the evidence submitted since the prior denial of service connection is not new and material." *Larry S. Stoneking*, BVA 91-____, at 6 (Apr. 19, 1991). In its "DISCUSSION AND EVALUATION", the Board stated:

> The evidence received since the rating decision of March 1969 consists of private audiometric reports dated in the 1980s, duplicate copies of service medical records already reviewed, and a VA audiometric examination report of June 1990. Although the evidence is new in the sense that it was not of record at the time of the prior rating decision, it is not material in that it does not show that the veteran had chronic hearing loss during active service or within one year thereafter.... The audiometric reports recently submitted reflect current hearing status and are too far removed in time from his period of active service to establish service connection.

*Stoneking*, BVA 91-____, at 5. Although the Board mentioned Dr. Barker's 1990 letter in its recitation of the evidence, it did not discuss that letter in determining whether there was any "new and material" evidence.

■ Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary of Veterans Affairs (Secretary) when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). For evidence to be "material", it must be "relevant and probative" and "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Ibid.* The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet.

App. 210, 213 (1991); *Colvin*, 1 Vet.App. at 174.

■ The Court holds that the 1990 Dr. Barker letter submitted by the veteran is "new and material" evidence requiring the claim to be reopened. The evidence is new because it does not duplicate evidence in the record at the time of the prior final disallowance of the claim in 1969. After noting that the veteran had experienced "significant noise exposure" during service, Dr. Barker stated that the veteran's current hearing loss is "quite possibly related to noise damage". R. at 68. Furthermore, Dr. Barker stated that the veteran's current hearing loss due to noise exposure is accompanied by "secondary tinnitus". The veteran previously was awarded a service-connected disability rating for tinnitus. Dr. Barker's statement can reasonably be construed as expressing an opinion that the current hearing loss is the result of the in-service noise exposure. If found credible, that statement is relevant and probative of the issue of whether the veteran's hearing loss was caused by his in-service injury and creates a reasonable possibility of changing the outcome; it is, therefore, "material".

In reaching a contrary conclusion, that the new evidence is not "material" because "it does not show that the veteran had chronic hearing loss during active service or within one year thereafter" (*Stoneking*, BVA 91-____, at 5), the Board's decision evidences a failure properly to apply controlling law and regulation. As the Court stated in *Godfrey v. Derwinski*, 2 Vet.App. 352, 356 (1992):

> Appellant may establish the required nexus between his current condition and his term of military service if he can show that his disability "result[ed] from personal injury suffered ... in line of duty". 38 U.S.C. § 1110 (formerly § 310. *Cf.* 38 C.F.R. § 3.303(d) (1991) (service connection may be granted for any disease diagnosed after separation when all the evidence establishes that the disease was incurred in service). If evidence should sufficiently demonstrate a

medical relationship between the veteran's in-service exposure to loud noise and his current disability, it would follow that the veteran incurred an injury in service; the requirements of section 1110 would be satisfied.

Here, upon the remand ordered by the Court, the Board must determine whether the evidence "demonstrates a relationship between the veteran's in-service exposure to loud noise and his current disability". *Godfrey, supra; Douglas v. Derwinski*, 2 Vet.App. 103, 109 (1992).

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's brief, the Court holds that the BVA erred in concluding that the evidence submitted since the prior final disallowance of the claim in 1969 was not new and material. The Court further holds that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The April 19, 1991, BVA decision is vacated and the matter is remanded to the Board for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1) (formerly § 4004); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new final Board decision is mailed to the appellant.

VACATED AND REMANDED.