KASOLD, Chief Judge,
concurring in part and dissenting in part:
I fully concur in the per curiam determination that the Board erred as a matter of law in applying the presumption of soundness when there was no predicate finding that Mr. Gilbert’s depression — -which was not noted upon entry to service — manifested in service. Although referenced or implied in previous caselaw, the per curiam order now clearly states that, before the presumption of soundness is for application, there must be evidence that a disease or injury — that was not noted upon entry to service — manifested in service; otherwise stated, absent such manifestation, the presumption of soundness is not for application. I also fully concur in the rejection of Mr. Gilbert’s argument that the failure to rebut the presumption of soundness results in an injury or disease being presumed aggravated in service. Rather, as clearly stated in the per curiam order, when the evidence of record does not clearly and unmistakably rebut the presumption of soundness, the disease or injury that manifested in service is deemed incurred in service.
However, I dissent from the ultimate decision to affirm the Board decision on appeal. I find contradictory the Board’s findings that Mr. Gilbert’s depression (1) was incurred in service (which is the result *56 of finding that the presumption of soundness was not rebutted) and (2) was not related to (incurred or aggravated in) service. Given these apparently contradictory findings, I believe remand is the proper remedy, so the Board can clarify and explain its findings and properly apply the law. See Tucker v. West, 11 Vet.App. 369, 374 (1998) (remand is appropriate “where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate”); Allday v. Brown, 7 Vet.App. 517, 527 (1995) (Board’s statement “must be adequate to enable a claimant to understand the precise basis for the Board’s decision, as well as to facilitate review in this Court”); Godfrey v. Derwinski, 2 Vet.App. 352, 355 (1992) (“It is not the role of this Court to serve as the initial finder of fact.”).