Citation Nr: 1313631 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-08 220 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARINGS ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Jebby Rasputnis, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1975 to June 1977. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

The Veteran testified before a Decision Review Officer (DRO) in November 2010 at the RO. In July 2012, the Veteran testified before the undersigned Veterans Law Judge sitting at the RO. Transcripts of both hearings have been associated with the claims file. The transcripts reflect that the Veteran was afforded an extensive opportunity to present hearing testimony, evidence, and argument on the issue herein decided. Appropriate colloquies were conducted between the Veteran and DRO and undersigned in accordance with Stuckey v. West, 13 Vet. App. 163 (1999) and Constantino v. West, 12 Vet. App. 517 (1999). See also Bryant v. Shinseki, 23 Vet. App. 488 (2010) (per curiam). 

Subsequent to the hearing, and after the issuance of a May 2012 supplemental statement of the case (SSOC) additional evidence was added to the claims file. Although the Veteran has not submitted a waiver of agency of original jurisdiction (AOJ) for this evidence, the Board has determined that the benefit sought may be fully allowed on appeal. 38 C.F.R. § 20.1304(c) (2012). Therefore, referral of this evidence to the AOJ is unnecessary. Id. 

In addition to the paper claims file, there is a Virtual VA paperless claims file associated with the Veteran's appeal. A review of the virtual file reveals additional evidence that has been reviewed and considered by the Board. 

The issue of entitlement to an increased disability rating for tinnitus was raised by the Veteran in a July 2011 communication. Likewise, the issues of entitlement to service connection for erectile dysfunction and entitlement to an increased disability rating for depressive disorder were raised by the Veteran in February 2012 statements. These issues have not been adjudicated by the agency of original jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them and they are referred to the AOJ for appropriate action. 


FINDING OF FACT

Resolving all doubt in his favor, the Veteran's bilateral hearing loss is etiologically related to his military service.


CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As the Board's decision to grant service connection for bilateral hearing loss herein constitutes a complete grant of the benefits sought on appeal, no further action is required to comply with the Veterans Claims Assistance Act of 2000 and the implementing regulations.

The Veteran contends that he experiences bilateral hearing loss as the result of exposure to loud noises during his active duty service. He has also contended that, because he is currently in receipt of service connection for tinnitus, service connection for bilateral hearing loss is warranted on a secondary basis.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. 
§ 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. 38 U.S.C.A. § 1112; 38 C.F.R. § 3.304. See also Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)].

Where a Veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, such as organic diseases of the nervous system, to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. In an October 4, 1995, opinion, VA's Under Secretary for Health determined that it was appropriate to consider high frequency sensorineural hearing loss an organic disease of the nervous system and therefore a presumptive disability.

Alternatively, when a disease at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). When such chronic diseases are at issue, the second and third elements for service connection may be established by showing continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a). Id. 

Service connection also may be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). As noted above, the Veteran has contended that he experiences bilateral hearing loss secondary to his service-connected tinnitus. However, as the Board herein finds that the evidence is sufficient to allow a grant of service connection for bilateral hearing loss on a direct basis, entitlement to service connection on a secondary basis need not be discussed. 

The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

The United States Court of Appeals for Veterans Claims (Court) has held that service connection can be granted for a hearing loss where the Veteran can establish a nexus between his current hearing loss and a disability or injury he suffered while he was in military service. Godfrey v. Derwinski, 2 Vet. App. 352, 356 (1992). The Court has also held that VA regulations do not preclude service connection for a hearing loss which first met VA's definition of disability after service. Hensley, supra, at 159.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

As an initial matter, the Board finds that the Veteran is competent to describe the nature and extent of his in-service noise exposure. See 38 C.F.R. § 3.159(a) (2); Washington v. Nicholson, 19 Vet. App. 362, 368 (2005); Layno v. Brown, 6 Vet. App. 465, 469-70 (1994). He has testified to being exposed to sounds from jets, propellers, rotors, and ship engines during his active duty service; such exposures are consistent with the circumstances of his service as an electrical repairman with the Navy. Moreover, his service records reflect that he was serving aboard the U.S.S. John F. Kennedy in November 1975 when it collided with the U.S.S. Belknap; he has attested to exposure to loud noises - crashes and explosions - resulting from that crash. Furthermore, the Veteran is service-connected for tinnitus based on those in-service noise exposures.

Additionally, medical evidence associated with the claims file plainly reflects that he has a current diagnosis of bilateral hearing loss consistent with VA regulations. 38 C.F.R. § 3.385. In this regard, the Board notes that his hearing acuity at an August 2009 VA examination was measured as follows:

Hertz
500 
1000
2000
3000
4000
Left Ear
5
5
20
45
55
Right Ear
5
10
20
50
60

The examiner diagnosed bilateral high frequency sensorineural hearing loss. In April 2012, another VA audiology examiner measured his hearing as follows:

Hertz
500 
1000
2000
3000
4000
Left Ear
15
15
35
60
60
Right Ear
20
15
35
55
65

The 2012 examiner confirmed a diagnosis of bilateral sensorineural hearing loss. As such, the only remaining inquiry for the Board is whether the Veteran's hearing loss was caused or aggravated by his in-service noise exposure. 

In this regard, the Veteran's service treatment records include the following audiometric results, recorded at the time of his enlistment, in decibels (dB):

July 1974 
Hertz
500 
1000
2000
3000
4000
Left Ear
25
10
15
n/a
30
Right Ear
20
5
15
n/a
35

Upon separation from active duty, a hearing test revealed normal hearing. However, his hearing was tested at that time using a 'whispered voice' test. The Veterans Health Administration (VHA) Handbook for Audiology indicates that the 'whispered voice' test is now considered an inadequate measure of hearing as it does not rule out mild hearing loss.

After separating from service, the Veteran informed a June 1986 VA examiner - who was examining him in regard to claims unrelated to hearing loss - that he had persistent ringing in his ears and believed he had lost some auditory acuity after his active duty exposure to machinery and engine noises.

The Veteran filed a claim of entitlement to service connection for bilateral hearing loss in February 2009. In April 2009, he submitted a written statement of his in-service experiences as well as an excerpt, presumably from the Internet, written about the November 1975 collision between the U.S.S. John F. Kennedy and the U.S.S. Belknap. The Veteran's sister also wrote to VA in April 2009 and attested that the Veteran's hearing seemed normal when he enlisted in the Navy, but he had complained of hearing loss ever since he separated from service.

The Veteran was afforded a VA audiology examination in August 2009. The report of that examination reflects that he informed the examiner about his in-service duties and noise exposure and reported no post-service occupational or recreational exposure to acoustic trauma. The examiner observed that although only a 'whispered voice' hearing test was administered to the Veteran upon his separation from service, his perfect score on that test indicated that his hearing was in normal limits. The examiner also noted that current audiometric tests revealed better hearing acuity at 500 hertz than as tested in 1975 at the time of his enlistment. However, because there was no formal audiometric testing conducted at the time of the Veteran's separation from service, the examiner determined that she could not render an opinion as to the etiology of the current hearing loss without resorting to speculation. The examiner did opine that, based on the Veteran's report of his symptomatology, it was at least as likely as not that tinnitus began in service. 

The Veteran stated on his February 2010 substantive appeal that he had "never heard the same" since his active duty military service. At the November 2010 DRO hearing, the Veteran described his in-service noise exposures and again reiterated that he had experienced decreased hearing, as well as tinnitus, since serving on active duty. He again attested to continuity of symptomatology in a December 2010 statement. Also in December 2010, a VA audiologist again observed mild sloping to severe sensorineural hearing loss, bilaterally.

In August 2011, a private audiologist, Dr. Caudle, submitted a letter to VA. Dr. Caudle wrote that she had conducted an audiometric assessment of the Veteran in August 2011 that revealed mild to severe sensorineural mid-to-high frequency hearing loss in both ears. She reported review of the Veteran's service treatment records and noted that the 'whispered voice' test administered at the time of his separation from service was "inherently insensitive to high frequency hearing loss." Dr. Caudle opined that, based on her review of the records as well as her interview and examination of the Veteran, it was as least as likely as not that both his tinnitus and his hearing loss were the result of his in-service noise exposures. 

VA afforded the Veteran another VA audiology examination in February 2012. The examiner tested the Veteran's auditory acuity, but noted that the claims file was not available for review and, as a result, no opinion regarding etiology could be rendered. The examiner subsequently reviewed the claims file and issued an opinion in April 2012 that, due to the lack of formal audiological testing at the time of the Veteran's separation from service, no opinion could be rendered regarding the etiology of his current hearing loss without resort to speculation. However, he indicated that the Veteran had a pre-existing high frequency hearing loss bilaterally at 4000 Hertz. The examiner also explained that because hearing loss is not a consequence of tinnitus, his service-connected tinnitus did not cause his bilateral hearing loss.

The Veteran testified before the undersigned Veterans Law Judge in July 2012 and again provided testimony about the circumstances and extent of his in-service noise exposures. He further attested to continuity of symptomatology since separation from service.

In January 2013, an opinion was obtained from a VA audiologist with the Veterans Health Administration. However, upon a review of such opinion, the Board determined that such opinion was inadequate for adjudication purposes. Therefore, in March 2013, the Board again referred the Veteran's case to a specialist with the Veterans Health Administration for a more in depth opinion as to the etiology of his hearing loss. Specifically, the Board inquired as to whether or not hearing loss pre-existed his service and was aggravated thereby, whether hearing loss manifested during service or within one year of separation from service, and whether his hearing loss was caused or aggravated by tinnitus. The VHA specialist's opinion reflects review of the Veteran's service treatment record, post-service treatment history, and contentions. Although determining that there was not clear and unmistakable evidence that hearing loss pre-existed service, or that tinnitus had caused or aggravated hearing loss, the examiner opined that it was as likely as not that hearing loss was both caused by in-service noise exposures and had manifested within one year of separation from service. 

The VHA specialist explained that the Veteran underwent acoustic trauma during service and the configuration of his hearing loss was consistent with noise-induced hearing loss. Further, the specialist noted that the Veteran's contentions and those of his sister indicate that hearing loss was present at an observable level within one year of his separation from service. The Board notes that the specialist also identified tinnitus as a symptom associated with hearing loss, which indicates that the Veteran's hearing loss caused his (service-connected) tinnitus and that both disabilities are the result of the same noise exposures.

In this case, medical evidence shows a current bilateral hearing loss disability for VA compensation purposes pursuant to 38 C.F.R. § 3.385. The evidence also suggests a link between this hearing loss and the Veteran's military service. In this regard, the Veteran has alleged military acoustic trauma including machinery and jet noises as well as the crash and explosion noises from the November 1975 ship collision. He has also attested to persistent bilateral tinnitus as well as gradual bilateral hearing loss since service and his contentions are supported by the lay observations of his sister. Moreover, he made the same contentions during an unrelated 1986 VA examination, years before filing a claim for service connection for hearing loss. The Board finds great credibility in his assertions.

While the 2009 and 2012 VA examiners stated that they were unable, without resort to speculation, to determine whether a relationship existed between the Veteran's current hearing loss and his exposure to hazardous noise in service, Dr. Caudle and the March 2013 VHA audiology specialist have opined that his hearing loss is, more likely than not, related to in-service noise exposure. As is true of any evidence, the credibility and weight to be attached to medical opinions are within the province of the Board. See Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993); also see Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993). The Board finds the VHA specialist's opinion, as well as the opinion of Dr. Caudle, competent and highly probative. As the Veteran's contentions about his in-service noise exposures and post-service symptoms are credible and supported by the most probative medical evidence of record, the Board will resolve all doubt in his favor. Service connection for bilateral hearing loss is warranted.


ORDER

Service connection for bilateral hearing loss is granted.



____________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs