﻿Citation Nr: AXXXXXXXX
Decision Date: 11/13/18 Archive Date: 11/13/18

DOCKET NO. 180820-142
DATE: November 13, 2018
ORDER
Entitlement to service connection for bilateral hearing loss is granted.
Entitlement to service connection for tinnitus is granted.
FINDINGS OF FACT
1. The probative evidence of record indicates that the Veteran has experienced a continuity of symptomology related to bilateral hearing loss since service.
2. The competent evidence demonstrates that the Veteran’s tinnitus is secondary to his bilateral hearing loss.
CONCLUSIONS OF LAW
1. The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).
2. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2018).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty in the United States Army from September 1964 to September 1967. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program
Service Connection
Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2018). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).
Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).
Additionally, for Veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, such as organic diseases of the nervous system, to include bilateral hearing loss and tinnitus, are presumed to have been incurred in service if manifested to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1112 (2012); 38 C.F.R. §§ 3.307, 3.309 (2018). 
Alternatively, when a disease at 38 C.F.R. § 3.309 (a) is not shown to be chronic during service or the one-year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303 (b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309 (a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).
Service connection may also be granted for disability which is proximately due to or the result of service-connected disability. 38 C.F.R. § 3.310 (a) (2018).
When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2018); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).
1. Entitlement to service connection for bilateral hearing loss
The Veteran seeks entitlement to service connection for bilateral hearing loss. He asserts that his current bilateral hearing loss is a result of his exposure to loud noises during his period of service. 
For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2018).
The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993).
The Board notes that service department audiometric tests prior to November 1967 were in American Standard Association (ASA) units, and require conversion to International Organization for Standardization (ISO) units. Conversion to ISO units is accomplished by adding 15 dB to the ASA units at 500 Hz, 10 dB to the ASA units at 1000 Hz, 2000 Hz, and 3000 Hz, and 5 dB to the ASA units at 4000 Hz. See VA Interim Issues 21-66-16, 21-66-17 (June 6, 1966); 10-66-20 (June 8, 1966); DM&S Manual M-2, Part XVIII, Chapter 4, paragraph 4.02, Use of International Standards Organization (ISO) for Audiological Examinations.
In a May 2016 statement, the Veteran reported he suffered in-service acoustic trauma as result of his duties as light weapons infantryman and shooting guns. He denied the use of proper hearing protection during service, and he reported the onset of high pitched wine or whooshing noise in ears after shooting practice, which has continued since then. He believes he had a decline in his hearing acuity at the time of his separation from service. 
The RO has conceded that the Veteran suffered acoustic trauma during military service. See August 2016 rating decision. Moreover, the August 2016 VA examination shows that the Veteran has current bilateral hearing loss disability pursuant to 38 C.F.R. § 3.385. Accordingly, the first and second prongs, current disability and in-service injury, have been shown. 
The analysis now moves to whether a nexus exists between the diagnoses and service. The Court has held that service connection can be granted for a hearing loss where the Veteran can establish a nexus between his current hearing loss and a disability or injury he suffered while he was in military service. Godfrey v. Derwinski, 2 Vet. App. 352, 356 (1992). The Court has also held that VA regulations do not preclude service connection for a hearing loss which first met VA’s definition of disability after service. Hensley, supra, at 159.
The audiometric results from his September 1964 examination conducted at his entrance shows, after conversion from ASA to ISO, puretone thresholds from 500 to 4,000 Hertz were as follows: 15, 10, 10, 10, and 20 in the right ear, and 15, 5, 5, 15, and 25 in the left ear. The audiometric results from his August 1967 examination reports conducted at his discharge shows, after conversion from ASA to ISO, puretone thresholds from 500 to 4,000 Hertz were as follows: 20, 15, 20, NA, 30 in the right ear, and 25, 15, 15, NA, and 30 in the left ear. 
Although the audiometric results at the Veteran’s 1967 discharge examination shows a significant shift in audiometric results from his 1964 entrance examination and demonstrate a decline in bilateral hearing acuity. Moreover, on his August 1967 report of medical history prior to separation, the Veteran specifically complained of a history of hearing loss during service. 
In the August 2016 VA audiology examination report, the VA examiner opined that the Veteran’s bilateral hearing loss was less likely than not related to service. The VA examiner discussed the Veteran’s service treatment records, which include a September 1964 enlistment examination report and an August 1967 separation examination report. The examiner found it significant that the Veteran’s hearing acuity was considered within normal limits at both his enlistment and separation examinations. 
The Board notes that it does not appear that the 2016 VA examiner converted the September 1964 and August 1967 audiometric test results to ISO units in discussing the etiology of the Veteran’s hearing loss. Moreover, the VA examiner did not discuss the significance of the shift in pure tone thresholds seen between the enlistment examination and separation examination when addressing the etiology of the Veteran’s hearing loss. Accordingly, the Board does not find the VA examiner’s medical opinion to be probative as it is not based on an accurate interpretation of the Veteran’s audiometric results during service and does not consider the significance of any shift in the Veteran’s audiometric results during service. 
The Board notes that the Veteran has been consistent in his description of hearing difficulties since service. Therefore, the Board finds he is competent and credible and gives his statements great probative weight. 
Based on the foregoing, the Board finds that the Veteran’s bilateral hearing loss is established under continuity of symptomology. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309; Walker, supra. The Veteran has consistently stated that his hearing loss has been present since service. His hearing loss is capable of lay-observation and the Veteran is competent to relate his post-service symptoms as having an onset during his period of service. Based on the foregoing, the Board finds that service connection is warranted for bilateral hearing loss. 
In reaching this decision, the Board has considered the applicability of the benefit of the doubt doctrine. Given that the VA examiner’s opinion is not considered adequate and there is no contrary opinion that addresses the issue of continuity of symptomology, and that no material issues is in equipoise, that doctrine is not applicable in the instant appeal. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.
2. Entitlement to service connection for tinnitus
The Veteran seeks entitlement to service connection for tinnitus. He asserts that his current tinnitus is a result of his in-service exposure to loud noises. 
The Veteran now reports the onset of his tinnitus symptoms was during his period of service. He denied symptoms of “running ears” on his August 1967 report of medical history prior to separation. The first post-service evidence of tinnitus comes when the Veteran initiated his claim for service connection in May 2016. 
In the August 2016 VA examination report, the VA examiner recorded a diagnosis tinnitus, and opined that it was less likely than not that the Veteran’s tinnitus was a result of his in-service exposure to loud noises. Rather, the VA examiner found that the Veteran’s tinnitus was related to his bilateral hearing loss.
(Continued on the next page)
 
After a review of all the evidence of record, the Board finds that the Veteran’s tinnitus was caused by his now service-connected bilateral hearing loss. The August 2016 VA examiner diagnosed tinnitus, and found that the Veteran’s tinnitus was related to his bilateral hearing loss. There is no contrary medical opinion of record which addresses secondary service connection. As such, the Board finds that the criteria for service connection for tinnitus, as secondary to the service-connected bilateral hearing loss, have been met.
 
K. J. ALIBRANDO
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD J. Murray, Counsel