﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191029-40411
DATE: October 30, 2020

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from June 1970 to February 1972.

In April 2018, the Veteran applied for service connection for bilateral hearing loss. A rating decision was issued under the legacy system in August 2018, and the Veteran submitted a timely notice of disagreement (NOD) in September 2018. In September 2019, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted his claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting an October 2019 VA Form 10182, Decision Review Request: Board Appeal, identifying the September 2019 SOC. Therefore, the September 2019 SOC is the decision on appeal. In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the September 2019 SOC. 38 C.F.R. § 20.301.

The Veteran asserts that his bilateral hearing loss started while in service and continues to exist. See Veteran’s April 2018 claim. The Veteran’s DD Form 214 confirmed the Veteran’s military occupational specialty (MOS) as radio operator. The Veteran contends his bilateral hearing loss is a result of his MOS, which has a moderate probability for hazardous noise exposure. See September 2018 NOD.

The Veteran was afforded a VA audiological examination in July 2018 and September 2019. The July 2018 examiner, audiologist L.C., diagnosed the Veteran as having sensorineural bilateral hearing loss at lower (500-4000 Hz) and higher frequencies (6000 Hz or higher) as well as tinnitus. The Veteran’s audiometer results met the threshold criteria for bilateral hearing loss. 38 C.F.R. § 3.385. L.C. opined the Veteran’s tinnitus was related to military noise exposure, but his bilateral hearing loss was not. L.C., in her negative nexus opinion for bilateral hearing loss, relied upon the Veteran’s post-military service noise exposure, the Veteran’s advanced age, and that the Veteran’s hearing was within normal limits at his separation audiometer examination. However, at the June 1970 separation exam, the Veteran’s right ear showed a threshold of 25 decibels at 500 Hz. L.C.’s opinion did not mention the worsening of the Veteran’s hearing in the right ear as shown by a 15 decibel shift between the June 1970 enlistment exam and the November 1971 separation exam. 

The United States Court of Appeals for Veterans Claims (Court) has held that the threshold for normal hearing is from 0 to 20 decibels, and that higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). The examiner should consider and address any shifts of thresholds. Id. Even if the Veteran’s hearing was found within normal limits at separation, it does not preclude the Veteran from establishing service connection post-service. Id. at 159. see also Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). 

In the August 2018 rating decision, the AOJ relied on audiologist L.C.’s opinion when denying the Veteran’s claim. In the September 2018 NOD, the Veteran asserted that L.C.’s negative nexus opinion was inadequate because it contained several errors. First, it materially relied upon a conclusion that the Veteran’s service treatment records did not show complaints of hearing loss without explaining why such complaints needed to be documented in service. The Veteran pointed out such a reliance without explanation was contrary to the Court’s decision in Buczynski v. Shinseki, 24 Vet. App. 221, 224 (2011). Similarly, it disregarded the Veteran’s statements about his symptoms and relied solely on negative evidence to support the negative nexus conclusion. Moreover, contrary to L.C.’s opinion, the Veteran asserted he was not required to show hearing loss was present during service in order to establish service connection. See Godfrey V. Derwinski, 2 Vet. App. 352, 356 (1992); Hensley at 159. 

In September 2019, the Veteran was afforded another VA examination. The examiner, audiologist S.N., diagnosed the Veteran as having bilateral sensorineural hearing loss at lower frequencies of 500-4000 Hz, and provided a negative nexus opinion based upon the Veteran’s November 1971 separation examination showing the Veteran’s hearing was within normal limits. The Veteran’s right ear threshold at 500 Hz at the separation examination was 25 decibels and at the July 2018 VA examination was 35 decibels, but at the September 2019 VA examination, it was 15 decibels. While S.N. acknowledged that the Veteran had a 25 decibel threshold at 500Hz at separation, which she found to suggest a significant shift of 15 decibels, she dismissed it without explanation. Additionally, no explanation was provided about the shift of 15 to 20 decibels in the Veteran’s threshold results at 500 Hz and 1000 Hz since the Veteran’s July 2018 VA examination. S.N. opined that the 

Veteran has a mild to moderate/severe sensorineural loss which is typical of noise exposure. Veteran had other occupational noise exposure from working for 15 years in manufacturing with no ear protection worn. MOS of Radio Operator had a moderate probability of noise exposure. In the absence of a valid shift in hearing during active duty, there is no nexus to support hearing loss resulted from his military service. It is less likely than not that the veteran’s right ear hearing loss is caused by or a result of an event in military service. 

S.N.’s negative nexus opinion relied on the Veteran not having hearing loss during active duty, which is an incorrect standard. The Court has cautioned that a claim of entitlement to service connection for hearing loss may not be denied by the Board simply because normal hearing was demonstrated in the Veteran’s service treatment records. Hensley at 157; Ledford at 89. Thus, the Board finds that the VA examiner’s opinion is in contravention of the Court’s holdings in Hensley and Ledford and lacks a fully articulated reasoned rationale. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2002). Accordingly, the Board finds S.N.’s nexus opinion inadequate; therefore, the claim must be remanded for a new VA examination and accompanying medical nexus opinion. 

The Board cannot make a fully-informed decision on the issue of the Veteran’s bilateral hearing loss because no VA examiner has opined on whether the nature and etiology of the Veteran’s current disability, including the Veteran’s right ear hearing shift of 15 decibels at his separation examination, are attributable to service despite the fact the Veteran’s hearing was within normal limits at his separation examination. Hensley at 159. see also Ledford at 89. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an in-person VA audiological examination by an appropriate examiner with sufficient expertise to diagnose and determine the nature and etiology of the Veteran’s bilateral hearing loss. 

2. Provide the examiner the Veteran’s complete claims file, including this Remand, for review. The examination report should reflect that such review was accomplished. 

3. The examiner should interview and examine the Veteran. The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be considered in formulating the requested opinions.

4. Following the examination, and a review of the claims file and lay statements, the examiner should address the following:

a. Is it at least as likely as not (50 percent probability or greater) that the Veteran’s current bilateral hearing loss is caused by or otherwise etiologically related to his active duty service, to include his in-service noise exposure?

b. Whether the Veteran’s current bilateral hearing loss 48 years after the 15 decibel threshold shift in the Veteran’s right ear at his exit discharge audiometer testing is at least as likely as not (50 percent probability or greater) attributable to service.

5. The examiner is cautioned against focusing his/her opinions solely on the evidence of record showing the Veteran experienced normal hearing during his exit discharge audiometer testing. 

6. A complete rationale must be provided for any and all opinions offered. All appropriate studies and consultations should be accomplished, and all clinical findings should be reported in detail. If any requested opinion cannot be provided without resorting to mere speculation, the examiner must fully explain why this is the case and identify what, if any, additional evidence or information might allow for a more definitive opinion.

7. After completing the foregoing and any other development necessary, readjudicate the Veteran’s claim.

(continued on the next page)

8. Notify the Veteran and his representative that, in the event the Veteran’s claim is not granted in full, his claim would not be automatically returned to the Board, and the Veteran’s appropriate action would be required if he desires further Board review. See 38 C.F.R. § 3.2502 (under the AMA framework, “upon... remand [of a claim] by the Board... , the [AOJ] retains jurisdiction of the claim”).

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Agarwal, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.