# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-0795

WALTER Y. SORAKUBO, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  May 17, 2002   )

*Stephen L. Purcell*, of Disables American Veterans, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Acting Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Glenn R. Bergmann* were on the brief for the appellee.

Before FARLEY, HOLDAWAY, and IVERS, *Judges*.

HOLDAWAY, *Judge*:  The appellant, Walter Y. Sorakubo, appeals from a February 13, 2001, decision of the Board of Veterans' Appeals (Board) that found that a March 15, 1977, Board decision that declined to reinstate a compensable rating for his service-connected sternum disability was not the product of clear and unmistakable error (CUE).  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will reverse and remand the decision of the Board.

## I. BACKGROUND

The appellant served in the U.S. Army from March 1951 to December 1952, and from August 1955 to August 1958.  Medical records reflect that in June 1957, during the appellant's second period of service, the appellant sustained a sternum fracture when a radar tower fell on him.  The appellant was diagnosed with a simple fracture located between the body of the sternum and the

sternum manubrium. An x-ray examination, administered during the appellant's initial hospital stay, indicated a slight deformity at the junction of the manubrium and the body of the sternum. In July 1957, the appellant was discharged from the hospital, to light duty. A medical examination in July 1958 found no evidence of the previously reported fracture.

VA examination documents report that in December 1958, the appellant began complaining of chest pain and pain in his lower back. Upon examination of the chest, the examiner noted a bony ridge, approximately 3 inches long horizontally, and 1½ inches wide vertically. The examiner noted that the ridge apparently represented a "healed simple fracture." Record (R.) at 137. A December 1958 VA rating decision awarded service connection and a 10% rating for symptomatic residuals of fracture of the sternum.

Seventeen years later, in December 1, 1975, the appellant underwent a VA medical examination, where the appellant complained that his chest bone was sore. The examination report noted that aside from the appellant's complaints of pain in the sternum on abduction of the shoulders, no adverse clinical findings were evident. The report also noted that an x-ray revealed an old, post-traumatic deformity at the level of the sternozyphoid articulating area. R. at 151. The pertinent diagnosis was fracture of the sternum.

A January 1976 rating decision found that a compensable level of disability was not shown, and reduced the appellant's rating for residuals of fracture of the sternum, from 10% to noncompensable. The appellant filed a Notice of Disagreement (NOD) in which he stated that his sternum was sensitive to touch. The VA regional office (VARO) issued a Statement of the Case (SOC) that indicated that the January 1976 rating decision was based on a review of all the evidence of record at the time, including the most recent VA examination, that of December 1975. The VARO further explained that the rating schedule did not provide a compensable evaluation for fracture of the sternum where the symptomatology was of a minimal degree, citing 38 C.F.R. 4.31; Diagnostic Code (DC) 5299.

A VA orthopedic examination was administered in July 1976. During the examination, the appellant complained of pain in his breastbone. No adverse clinical finding with respect to the sternum was noted. The examiner diagnosed a healed fracture of the sternum.

In March 1977, the Board issued a decision that reviewed the January 1976 VARO rating decision. The Board characterized the issue relative to the sternum disability as "that of compensable rating for residuals of fracture of the sternum." In its decision the Board noted that the medical evidence indicated that the appellant's disability was essentially static, manifested by some irregularity of the surface of the sternum. The Board also noted that the objective findings failed to show a significant disability that would warrant a compensable rating. The appellant did not appeal the Board decision and it became final.

In October 2000, 23 years later, the appellant sought revision of the Board's March 1977 decision on the basis of CUE.

The issue came before the Board on February 13, 2001. In its decision the Board determined that the March 1977 Board decision was not the product of CUE. The Board noted that although the record showed that the appellant's rating had been reduced and that the Board did not address 38 C.F.R. § 3.344 (1977) in its decision, a review of the record showed that the regulation did not apply to the facts of the case.

## II. ANALYSIS

In this case, the record shows that the medical evidence relied on by the Board on March 15, 1977, only indicated minimal symptomatology, much like the VA examination relied on by the VARO in December 1958. In making its conclusion, however, the Board in February 2001 determined that the medical evidence relied on by the Board on March 15, 1977, was insufficient to support a compensable rating. In essence, what the Board seems to have concluded, without exactly saying so, is that the original 1958 rating that gave a compensable award was in error. However, pursuant to 38 C.F.R. § 3.105(a) (2001), that rating cannot be changed without a finding that there was evidence of CUE; no such determination was made here.

"Previous [Board] determinations which are final and binding . . . will be accepted as correct in the absence of [CUE]." 38 C.F.R. § 3.105(a). "[CUE] is a very specific and rare kind of error. It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly

different but for the error."  38 C.F.R. § 20.1403(a) (2001); *see generally Disabled Am. Veterans v. Gober*, 234 F.3d 682 (Fed. Cir. 2000), *cert. denied*, 121 S.Ct. 1605.

> In order to find CUE it must be determined (1) that either the facts known at the time were not before the adjudicator or the law then in effect was incorrectly applied, (2) that an error occurred based on the record and the law that existed at the time the decision was made, and (3) that, had the error not been made, the outcome would have been manifestly different.

*Grover v. West*, 12 Vet.App. 109, 112 (1999) (citing *Damrel v. Brown*, 6 Vet.App. 242, 245 (1994); *Russell v. Principi*, 3 Vet.App. 310, 313-314 (1992) (en banc)).  In a CUE claim, "[t]he claimant, in short, must assert more than a disagreement as to how the facts were weighed or evaluated." *Crippen v. Brown*, 9 Vet.App. 412, 418 (1996).   Recently, the Court held that, as a matter of law, the VCAA is inapplicable to CUE claims.  *See Livesay v. Principi*, 15 Vet.App. 165 (2001).

The Court's review of a Board decision considering CUE in prior adjudications over which the Court does not have jurisdiction is limited to whether the Board's decision was "arbitrary and capricious, an abuse of discretion, or not in accordance with the law." *See* 38 U.S.C.§ 7261(a)(3)(A). In addition, this Court must determine whether the decision is supported by an adequate statement of reasons or bases. *See Eddy v. Brown*, 9 Vet.App. 52, 57 (1996).   The scope of review under the "arbitrary and capricious" standard is narrow, and a court is not to substitute its judgment for that of the agency.  *Baldwin v. West*, 13 Vet.App. 1, 5 (1999).  If the Board articulates a satisfactory explanation for its decision, "including a rational connection between the facts found and the choice made, the Court must affirm."  *Jordan v. Brown*, 10 Vet.App. 171, 175 (1997).

In this case, the appellant argues that the Board's February 2001 determination that the March 1977 Board decision was not the product of CUE is arbitrary, capricious, abuse of discretion, or otherwise not in accordance with the law.  Specifically, the appellant argues that the Board committed CUE in March 1977 because it failed to adjudicate his claims under 38 C.F.R. § 3.344. Pursuant to this regulation, the requirements for reducing a disability rating that has continued at the same level for 5 years or more are more stringent than the requirements for periodically increasing or decreasing a disability rating.  *See* 38 C.F.R. § 3.344 (1977).

Regulatory section 3.344 states:

(a) *Examination reports indicating improvement*. Rating agencies will handle cases affected by change of medical findings or diagnosis, so as to produce the greatest degree of stability of disability evaluations consistent with the laws and [VA] regulations governing disability compensation and pension. It is essential that the entire record of examinations and the medical-industrial history be reviewed to ascertain whether the recent examination is full and complete, including all special examinations indicated as a result of general examination and the entire case history. . . . Examinations less full and complete than those on which payments were authorized or continued will not be used as a basis of reduction. Ratings on account of diseases subject to temporary or episodic improvement . . . will not be reduced on any one examination, except in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated. . . . Moreover, though material improvement in the physical or mental condition is clearly reflected the rating agency will consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life. . . . Rating boards encountering a change of diagnosis will exercise caution in the determination as to whether a change in diagnosis represents no more than a progression of an earlier diagnosis, an error in prior diagnosis or possibly a disease entity independent of the service-connected disability.

38 C.F.R. § 3.344 (a). Paragraph (c) of section 3.344 provides:

(c) *Disabilities which are likely to improve.* The provisions of paragraph[] (a). . . of this section apply to ratings which have continued for long periods at the same level (5 years or more). They do not apply to disabilities which have not become stabilized and are likely to improve. Reexaminations disclosing improvement, physical or mental, in these disabilities will warrant reduction in rating.

*Id.*

In this case, both parties agree that the Board did not address 38 C.F.R. § 3.344. The Secretary, however, argues that the Board was correct in not addressing the regulation because it does not apply to the facts of the case. The Secretary's argument is without merit. In *Brown v. Brown*, this Court held that when the issue is whether the VARO is justified in reducing a veteran's protected rating, the Board is required to establish, by a preponderance of the evidence and in compliance 38 C.F.R. § 3.344, that a rating reduction is warranted. 5 Vet.App. 413, 421 (1993); *see also Kitchens v. Brown*, 7 Vet.App. 320, 325 (1995) (holding that when a VARO reduces a veteran's disability rating without observing the applicable VA regulations, the reduction is *void ab initio.*) In *Ternus v. Brown*, the Court noted that the Board is required to apply all relevant statutes and regulations appropriate to the case before it. 6 Vet.App. 370, 376 (1994). Furthermore, the Court

held that the VARO's failure to apply the reduction regulation for total disability ratings assigned on schedular bases was CUE. *Id.*; *see Olson v. Brown*, 5 Vet.App. 430 (1993) (holding that Board's determination that decision below that did not apply reduction regulation did not contain CUE was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law). In this case, the March 1977 Board decision in failing to address 38 C.F.R. § 3.344 abused its discretionary authority. *See Dofflemyer v. Derwinski*, 2 Vet.App. 277, 282 (1992). Accordingly, the Board's February 2001 conclusion that the 1977 decision did not contain CUE is not in accordance with law and must be reversed. 38 U.S.C. § 7261 (a)(3)(A).

### III. CONCLUSION

Upon consideration of the record and pleadings filed for this appeal, and for the reasons stated herein, the Court REVERSES the February 17, 2001, Board decision that found no CUE in the March 17, 1977, Board decision and REMANDS the case to the Board to revise the 1977 Board decision on the basis of CUE.