Citation Nr: 1812672 
Decision Date: 02/28/18 Archive Date: 03/08/18

DOCKET NO. 07-33 246 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Propriety of the reduction of the rating for residuals of a left total knee replacement from 60 percent to 30 percent evaluation, effective from April 30, 2011 to March 27, 2017. 

2. Entitlement to a disability evaluation in excess of 60 percent for residuals of a left total knee replacement. 

3. Entitlement to a total disability rating based upon individual unemployability due to service-connected disability (TDIU) prior to March 28, 2017.


REPRESENTATION

Veteran represented by: The American Legion




WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Mukherjee, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1972 to December 1973. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from October 2005 and December 2006 rating decisions by the Department of Veterans Affairs (VA) Regional Offices (RO) in Montgomery, Alabama and Columbia, South Carolina, respectively. Jurisdiction rests with the Montgomery, Alabama RO. The Veteran presented testimony at a Board hearing in February 2011. The Board most recently remanded the Veteran's claims in September 2015. The requested development on remand has been accomplished. See Stegall v. West, 11 Vet. App. 268, 271 (1998). Therefore, the matter is properly before the Board.

At the February 2011 Board hearing, the Veteran raised a claim for entitlement to compensation under 38 U.S.C. § 1151 for additional disability of the left knee as a result of total knee replacement surgery. Therefore, the Board does not have jurisdiction over it, and the issue is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2017).


FINDINGS OF FACT

1. The reduction of the disability evaluation for residuals of a left total knee replacement from 60 percent to 30 percent from April 30, 2011 to March 27, 2017 was not proper, as the evidence did not show overall improvement so as to warrant the reduction.

2. The Veteran is in receipt of the maximum schedular rating for residuals of a left total knee replacement under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5055 and has not shown other disability as would warrant a higher rating.

3. Prior to March 28, 2017, the preponderance of the evidence shows that the Veteran was not precluded from substantially gainful employment on account of service-connected disabilities.


CONCLUSIONS OF LAW

1. The criteria for restoration of a 60 percent disability rating for residuals of a left total knee replacement from April 30, 2011 to March 27, 2017 have been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.10, 4.13, 4.97, DC 5055 (2017).

2. The criteria for a disability rating in excess of 60 percent for residuals of a left total knee replacement are not met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.97, DC 5055 (2017).

3. Prior to March 28, 2017, the criteria for TDIU were not met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.3, 4.16, 4.19 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

As a preliminary matter, the Board has reviewed the claims file and finds that there exist no deficiencies in VA's duties to notify and assist that would be prejudicial and require corrective action prior to a final Board determination. See 38 U.S.C. §§ 5103, 5103A; 38 C.F.R. § 3.159; see also Bryant v. Shinseki, 23 Vet. App. 488 (2010) (regarding the duties of a hearing officer); Mayfield v. Nicholson, 20 Vet. App. 537 (2006) (corrective action to cure a 38 C.F.R. § 3.159(b) notice deficiency); Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004) (timing of notification).

The Board also notes that, to the full extent possible, VA complied with all prior remand instruction requests, and there exist no deficiencies in VA's duties to notify and assist in that regard. See Stegall v. West, 11 Vet. App. 268 (1998) (a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order); but see D'Aries v. Peake, 22 Vet. App. 97, 104 (2008) (it is only substantial compliance, rather than strict compliance, with the terms of a remand that is required). 
 
Legal Criteria and Analysis

Prior to the rating reduction at issue, the Veteran was assigned a 60 percent rating for residuals of a left total knee replacement effective from January 1, 2006. The RO's February 2011 rating decision reduced the rating for residuals of a left total knee replacement to a 30 percent evaluation, effective April 30, 2011. In November 2011, the RO reinstated the Veteran's 60 percent rating, effective March 28, 2017. Therefore, the Veteran contends that the February 2011 rating reduction was improper, and he seeks restoration of the 60 percent rating for the time period from April 30, 2011 to March 27, 2017. The Board finds that restoration of the 60 percent rating is warranted.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) found in 38 C.F.R. Part 4. 38 U.S.C. § 1155. Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability more closely approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue (including degree of disability) shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

The RO has rated the Veteran's service-connected residuals of a left total knee replacement under 38 C.F.R. 4.71a, DC 5055. Pursuant to DC 5055, left total knee replacement warrants a 30 percent rating for prosthetic replacement of the knee joint with intermediate degrees of residual weakness, pain, or limitation of motion, which should be rated by analogy to diagnostic codes 5256, 5261, or 5262. A maximum rating of 60 percent is warranted for prosthetic replacement of knee joint with chronic residuals consisting of severe painful motion or weakness in the affected extremity. 38 C.F.R. § 4.71a, DC 5055.

I. Propriety of Rating Reduction

This appeal arises out of the Veteran's disagreement with a decision to reduce his disability rating for service-connected residuals of a left total knee replacement, effective from April 30, 2011 to March 27, 2017. A Veteran's disability rating shall not be reduced unless an improvement in the disability is shown to have occurred. 38 C.F.R. § 3.344. When a disability rating is reduced without following the applicable regulations, the reduction is void ab initio. See Greyzck v. West, 12 Vet. App. 288, 292 (1999).

Under 38 C.F.R. § 3.344(a) and (b), VA must find the following before reducing a rating: (1) based on a review of the entire record, the examination forming the basis for the reduction is full and complete, and at least as full and complete as the examination upon which the rating was originally based; (2) the record clearly reflects a finding of material improvement; and, (3) it is reasonably certain that the material improvement found will be maintained under the ordinary conditions of life. See Kitchens v. Brown, 7 Vet. App. 320 (1995); Brown v. Brown, 5 Vet. App. 413 (1993).

Where a rating reduction was made without observance of law, the reduction must be vacated and the prior rating restored. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). In considering the propriety of a reduction, the Board must focus on the evidence available to the RO at the time the reduction was effectuated (although post-reduction medical evidence may be considered in the context of considering whether actual improvement was demonstrated). Dofflemyer v. Derwinski, 2 Vet. App. 277 (1992). The Veteran need not demonstrate that he is entitled to retain the higher evaluation; rather, in order for a rating reduction to be sustained, it must be shown by a preponderance of the evidence that the reduction was warranted. Sorakubo v. Principi, 16 Vet. App. 120 (2002). See also Brown, 5 Vet. App. at 413; Kitchens, 7 Vet. App. at 320.

Pursuant to 38 C.F.R. § 3.105(e), where a reduction in the rating of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. The beneficiary will be notified at his latest address of record of the contemplated action and furnished detailed reasons therefore, and will be given 60 days for the presentation of additional evidence to show that compensation payment should be continued at their present level. Final rating action will reduce or discontinue the compensation effective the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires. The due process protections of 38 C.F.R. § 3.105(e) apply in this case because the February 2011 rating decision reducing the rating at issue resulted overall in a reduction or of compensation payments.

Rating agencies will handle cases affected by change of medical findings or diagnosis, so as to produce the greatest degree of stability of disability ratings consistent with the laws and VA regulations governing disability compensation. It is essential that the entire record of examination and the medical-industrial history be reviewed to ascertain whether the recent examination is full and complete, including all special examinations indicated as a result of general examination and the entire case history. Examinations which are less thorough than those on which payments were originally based will not be used as a basis for reduction. Ratings for diseases subject to temporary or episodic improvement will not be reduced on the basis of any one examination, except in those instances where all of the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated. Moreover, where material improvement in the physical or mental condition is clearly reflected, the rating agency will consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life. 38 C.F.R. § 3.344(a).

The above considerations apply to ratings which have continued for long periods at the same level (five years or more), and do not apply to disabilities which have not become stabilized and are likely to improve. Therefore, for unstabilized ratings for disabilities likely to improve, reexaminations disclosing improvement will warrant a reduction in rating. 38 C.F.R. § 3.344(c).

In this case, the Veteran's 60 percent disability evaluation was in place for just over five years (beginning on January 1, 2006) prior to the rating reduction, and the Board finds that the evidence did not show overall improvement so as to warrant the reduction See e.g., June 2010 VA Examination (regular swelling, stiffness, weakness, and decreased endurance); December 2010 Nursing Note (constant sharp knee pain); December 2010 Nurse Practitioner Note (chronic knee pain, Veteran has fallen a couple of times due to knee giving away). This evidence calls into serious doubt the reasonable certainty of improvement maintained under the ordinary conditions of life. 

In the absence of adequate evidence of improvement, the reduction was not proper. In giving the Veteran the benefit of the doubt, and considering the evidence of record as a whole, the Board finds that the restoration of a 60 percent rating for residuals of a left total knee replacement from April 30, 2011 to March 27, 2017, is warranted. To this extent, the appeal is granted.

II. Increased Rating

The Veteran is currently in receipt of a 60 percent disability evaluation for his service-connected residuals of a left total knee replacement under 38 C.F.R. § 4.71a, DC 5055. DC 5055 provides a 60 percent disability rating for prosthetic replacement of knee joint with chronic residuals consisting of severe painful motion or weakness in the affected extremity. This is the maximum schedular disability rating available under DC 5055. 38 C.F.R. § 4.71a. As such, the Veteran is currently in receipt of the maximum disability evaluation available for residuals of a left total knee replacement under DC 5055, aside from the immediate post-surgical period (when a 100 percent evaluation may be assigned, and in fact was here from April 11, 2004 until January 1, 2006). 38 C.F.R. § 4.71a.

The Board has also considered whether any other diagnostic codes relevant to the Veteran's service-connected residuals of a left total knee replacement are applicable to warrant a higher disability rating at any time during the appeal period. See Schafrath v. Derwinski, 1 Vet. App. 589, 592-93 (1991) (holding that the Board must consider all potentially applicable regulatory provisions). The Board notes that Diagnostic Codes 5256, 5261, and 5262 do not provide for any higher ratings. The maximum ratings available under these codes are 60 percent, 50 percent, and 40 percent, respectively. 

Based on the foregoing, the Board finds that the Veteran is not entitled to a higher disability rating for his service-connected residuals of a left total knee replacement. 

Neither the Veteran nor the representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

III. TDIU

Total disability ratings for compensation may be assigned, in circumstances where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more with sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. § 4.16(a). This preliminary criteria for consideration has been met for the entire pendency of the appeal, given the Board's decision on the restored 60 percent rating.

The central inquiry thus becomes "whether a Veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." See Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the Veteran's education, special training, and previous work experience, but not to his or her age or to the impairment caused by non service-connected disabilities. See 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19; see also Van Hoose v. Brown, 4 Vet. App. 361 (1993).

The sole fact that a Veteran is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment. The ultimate question, however, is whether a Veteran is capable of performing the physical and mental acts required by employment, not whether he or she can find employment. Van Hoose, 4 Vet. App. at 363.

The evidence of record shows that the Veteran has not been employed since 2004. 
During the relevant time period, the Veteran was afforded three VA examinations, all of which indicate that the Veteran's service-connected left knee did not render him unable to secure or follow a substantially gainful occupation prior to March 28. 2017. See September 2006 VA Examination (able to engage in an occupation which required sedentary labor); March 2007 VA Examination (impairment would be moderate to severe for physical work such as walking, climbing, and for standing for a period of time); June 2010 VA Examination (the impact would be on manual work such as prolonged walking, standing, lifting, climbing, and carrying heavy objects). Likewise, there is no other evidence of record that indicates that the Veteran had such a degree of difficulty in maintaining or obtaining employment as to support a grant of TDIU. Notably, the Veteran indicated during his February 2011 Board hearing that he was able to work, but remained at home to care for his sick mother. 

Considering the above-cited evidence in light of the applicable legal authority, the Board finds that the claim for a TDIU due to residuals of a left total knee replacement must be denied.

The Board acknowledges that the ultimate question of whether a Veteran is capable of substantial gainful employment is not a medical one; rather, that determination is for the adjudicator. See 38 C.F.R. § 4.16(a). See also Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); Moore v. Nicholson, 21 Vet. App. 211, 218 (2007) (ultimate question of whether a veteran is capable of substantial gainful employment is not a medical one; that determination is for the adjudicator), rev'd on other grounds sub nom, Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009). However, medical evidence addressing the functional effects of the Veteran's disability on his ability to perform the mental and/or physical acts required for substantially gainful employment is relevant to the unemployability determination. See 38 C.F.R. § 4.10 (2016); Floore v. Shinseki, 26 Vet. App. 376, 381 (2013). 

Here, the weight of such evidence indicates that the functional effects of the Veteran's residuals of a left total knee replacement have not rendered him unable to obtain or retain substantially gainful employment due solely to this disability prior to March 28, 2017. Rather, the evidence indicates that the Veteran was capable of maintaining sedentary employment during this period. Given the entirety of the evidence of record, the Board finds that any resulting functional impairment from the Veteran's residuals of a left total knee replacement has not been shown to be so severe as to preclude all forms of substantially gainful employment. In short, the weight of the competent, probative evidence indicates that the Veteran's service-connected residuals of a left total knee replacement did not render him unemployable during the relevant time period.

Under these circumstances, the Board finds that the claim for TDIU prior to March 28, 2017, must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107(b).

ORDER


Entitlement to a restoration of a 60 percent rating for residuals of a left total knee replacement from April 30, 2011 to March 27, 2017 is granted, subject to the laws and regulations governing the payment of monetary benefits.

Entitlement to a disability evaluation in excess of 60 percent for residuals of a left total knee replacement is denied. 

Entitlement to TDIU prior to March 28, 2017 is denied.



____________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs