# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-1434

VICTOR W. ABBOTT, APPELLANT,

V.

PETER O'ROURKE,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided June 27, 2018)

*Victor W. Abbott, pro se.*

*Meghan Flanz,* Interim General Counsel; *Mary Ann Flynn*, Chief Counsel; *Richard A. Daley*, Deputy Chief Counsel; and *Amy M. Roth-Pixton,* all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, *Chief Judge*, and SCHOELEN and GREENBERG, *Judges*.

SCHOELEN, *Judge,* filed the opinion of the Court. GREENBERG, *Judge,* filed a dissenting opinion.

SCHOELEN, *Judge*: The appellant, Victor W. Abbott, appeals pro se a March 4, 2016, Board of Veterans' Appeals (Board) decision that found no clear and unmistakable error (CUE) in an April 21, 1976, Board decision that denied an increased disability rating for service-connected diverticulitis. Record (R.) at 2-11. Because the Board's determination that there was no CUE is not arbitrary and capricious, the Court will affirm the Board's March 2016 decision.

## I. BACKGROUND

The appellant is a Vietnam Veteran who served on active duty as a nuclear power electronics technician in the U.S. Navy from October 1961 to June 1965 and from November 1966 to February 1973. R. at 316-17, 3018-19 (DD Forms 214). In January 1972, the appellant was hospitalized following an attack of acute diverticulitis. R. at 3310.

In July 1973, the regional office (RO) granted the appellant service connection for "diverticulitis of colon with history of spastic colon syndrome" and awarded a 30% disability rating. R. at 3286-91. The rating decision states: "Current examination shows that since episode

of acute diverticulitis in [January] 1972 veteran has been having severe heartburn; no dysphagia. He has frequent episodes of non-bloody diarrhea. Report indicates that rectal [polyp] was removed."[1]  R. at 3290.

During an April 1975 "routine future examination," an examiner observed that the appellant "[showed] not the slightest sign of poor nutrition," and found that the appellant's gastrointestinal series and blood sugar were normal. R. at 3238.

In May 1975, the RO reduced the appellant's disability rating from 30% to 0%, finding that his symptoms no longer warranted a compensable evaluation. R. at 3225. The appellant appealed this determination. R. at 68-69, 3217.

In June 1975, a private examiner administered a barium enema with air contrast on the appellant, which revealed a normal colon with no diverticula or "undue fluoroscopic evidence of bowel irritability." R. at 3239. The examiner also found that the appellant appeared to be "in a great deal of distress" during the examination. *Id.* A February 1976 statement from the appellant's representative reflects that the appellant continued to have "frequent episodes of diarrhea and pain" and that this condition restricted the appellant's industrial and social activities. R. at 3146.

On April 21, 1976, the Board relied on the April 1975 "future examination" and June 1975 private examiner's findings to determine that "[e]ntitlement to an increased rating for diverticulosis of the colon has not been established." R. at 3139. The Board stated that

> [i]n order to receive a compensable rating for the veteran's service-connected abnormality of his digestive system, Mr. Abbott must demonstrate symptomatology required by the rating schedule, in addition to merely subjective complaints. In this regard, in the absence of any showing of diverticula upon the recent barium enema, the Board is of the opinion that his noncompensable evaluation is commensurate with the clinical data.

*Id*.

In March 2004, the appellant filed motions alleging CUE in the Board's April 1976 decision. *See* R. at 2652-55, 2738-39. In those motions, the appellant alleged that the 1976 Board committed CUE in considering a September 2000 compensation and pension examination and that the records did not contain his complaints of rectal pain. R. at 2653-54. The appellant alleged CUE in the "malpra[c]tice" of a physician connected to the September 2000 examination and to a

---

[1] The RO also granted service connection for a rectal polyp and awarded a noncompensable disability rating. R. at 3291.

January 1999 VA examination. R. at 2654. The appellant also alleged that the Board committed CUE by not ordering unspecified examinations before reducing his disability rating. R. at 2653, 2738. The appellant asserted that he had requested a "full and clear copy" of his file in January 2001 and had not yet received the copy. R. at 2738.

In December 2014, the appellant asserted that a letter from VA was incorrect because it named his former attorney, who no longer represented him on the date of the letter. R. at 318. In a September 2015 Board hearing, the appellant argued that the 1976 Board decision contained CUE because the VA hospital in Albuquerque did not run tests, including a barium enema test and a fiber glucose tolerance test, to determine whether his diverticulosis "was, in fact, still there." R. at 85-86, 88. The appellant also averred that a purported July 1975 examination had not been conducted and that documents related to the alleged examination were incorrect. R. at 87-91. He asserted that the 1976 Board decision also contained CUE because there were certain documents that the Board did not have before it and the correct facts were not before the Board. R. at 99.

In March 2016, the Board issued the decision on appeal, finding no CUE in the April 21, 1976, Board decision. R. at 2-11. The Board found that the appellant's allegation that VA had breached its duty to assist by failing to obtain a barium enema as part of the April 1975 examination did not constitute CUE. R. at 10. The Board further found that "[t]o the extent that the [v]eteran asserts he continued to experience vomiting and diarrhea and that the evidence supported a compensable rating, his arguments amount to no more than disagreement with how the facts were weighed (i.e., subjective complaints versus objective findings) and do[] not rise to the level of CUE." R. at 11. Finally, the Board found that the July 1975 physician statement appeared to have been of record at the time of the decision; even if it was not of record, it would have no bearing on the outcome of the decision. *Id.*

## II. ANALYSIS

### A. Law

The applicable diagnostic code (DC) for diverticulitis provided:

Severe, diarrhea, or alternating diarrhea and constipation with more or less constant abdominal distress……………………..............30%
Moderate, frequent episodes of bowel disturbance with abdominal distress………………………………………………………….10%
Mild, disturbances of bowel function with occasional episodes of abdominal distress………………………………………………….0%

3

38 C.F.R. § 4.114, DC 7319 (1975).[2]

A motion for revision on the basis of CUE is a collateral attack on a final RO or Board decision. *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 696-98 (Fed. Cir. 2000). CUE is established when the following conditions are met: First, either (1) the correct facts in the record were not before the adjudicator, or (2) the existing statutory or regulatory provisions were incorrectly applied. *Damrel v. Brown*, 6 Vet.App. 242, 245 (1994). Second, the alleged error must be "undebatable," not merely "a disagreement as to how the facts were weighed or evaluated." *Russell v. Principi*, 3 Vet.App. 310, 313-14 (1992) (en banc). Finally, the commission of the alleged error must, at the time that decision was rendered, have "manifestly changed the outcome" of the decision. *Id.*; *see Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir. 1999) (expressly adopting "manifestly changed the outcome" language in *Russell*); *see also King v. Shinseki*, 26 Vet.App. 433, 442 (2014) (citing *Russell*, 3 Vet.App. at 313-14) ("Whether it is reasonable to conclude that the outcome would have been different is not the standard that must be met for a motion alleging [CUE] to succeed. The governing law requires that the error be 'undebatable' and that the commission of the alleged error must have 'manifestly changed the outcome' of the decision.").

The Court's review of the Board's determination on the existence of CUE is limited to whether that conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or unsupported by adequate reasons or bases. 38 U.S.C. § 7261(a)(3); *Russell*, 3 Vet.App. at 315. That standard of review "'contemplates de novo review of questions of law,'" including whether an applicable law or regulation was correctly applied. *Joyce v. Nicholson*, 19 Vet.App. 36, 43 (2005) (quoting *Kent v. Principi*, 389 F.3d 1380, 1384 (Fed. Cir. 2004)). However, the Court shall not "conduct a plenary review of the merits of the original decision." *George v. Shulkin*, 29 Vet.App. 199, 206 (2018) (citing *Stallworth v. Nicholson*, 20 Vet.App. 482, 487 (2006)). The Court must affirm the Board's decision as long as the Board "articulates a satisfactory explanation for its decision, 'including a rational connection between the facts found and the choice made' . . . ." *Id.* (quoting *Lane v. Principi*, 16 Vet.App. 78, 83 (2002)).

---

[2] The appellant's disability was rated under DC 7327-7319. R. at 3286. DC 7327 instructs the rating specialist to rate diverticulitis as irritable bowel syndrome, peritoneal adhesions or colitis, ulcerative, depending upon the predominant disability picture. *See* 38 C.F.R. § 4.114, DC 7327 (1975).

B. The Parties' Arguments

The *pro se* appellant argues in an informal brief that the Board erred by noting that at the time of the March 2016 decision, he was still represented by David Anaise, M.D., J.D. Appellant's Informal Brief (Br.) at 1. The appellant contends that the Board and the RO did not review the full claims file, violating VA's duty to assist him with his claim. *Id.* at 1-2. The appellant also appears to argue that VA erroneously asserted in the appellant's medical records that a July 1975 proctoscopy was conducted although that examination did not occur. *Id.* at Appendix (App.) 2.

The Secretary responds that the Board properly denied the appellant's motion for CUE because the Board cited the applicable diagnostic provisions and discussed the applicable evidence of record at the time of the April 1976 Board decision. Secretary's Br. at 10. The Secretary contends that the Board's conclusion was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, because the Board addressed the appellant's allegations and found that they did not compel the conclusion to which reasonable minds could differ, that the result would not have been manifestly different but for the error, and that the appellant's assertions amounted to disagreement with the weighing of the evidence, not rising to CUE. *Id.* at 11. The Secretary argues that the appellant has failed to present evidence that it was undebatable that he met the requirements for a compensable rating under DC 7327-7319. *Id*. at 12. The Secretary argues that any error by the Board in failing to discuss older medical records is not CUE and is simply a disagreement with the weighing of the evidence. *Id.* at 14-15.

C. Application of Law to Facts

*1. Attorney Representation Before the Board*

Turning to the appellant's first argument before the Court, the Court acknowledges that the March 4, 2016, Board decision states that the appellant was being represented by David Anaise, M.D., J.D. R. at 2. But in its March 2, 2016, decision (which declined to address the appellant's motion for CUE, which the Board did address in its March 4 decision), the Board found that the appellant had been represented by a private attorney who withdrew representation in December 2014, and that the appellant had not since appointed a new representative. R. at 17; *see* R. at 79 (the appellant was unrepresented at the September 2015 Board hearing). Unrepresented litigants in the veterans benefits system are held to standards of pleading less stringent than the standard to which attorneys are held. *See Comer v. Peake*, 552 F.3d 1362, 1369-70 (Fed. Cir. 2009). Utilizing this more sympathetic standard, the Court interprets the appellant's argument to assert that the

Board erred in stating that he was represented at the time of the March 4, 2016, decision. *See* Appellant's Informal Br. at 1. To the extent that the Board's assertion may have been erroneous, the evidence of record includes the Board's March 2, 2016, correct assertion that the appellant was unrepresented, *see* R. at 17, and the appellant has presented no evidence or argument that the March 4 error was prejudicial. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to take due account of the rule of prejudicial error); *Sanders v. Shinseki*, 556 U.S. 396, 409 (2009) (holding that harmless-error analysis applies to the Court's review of Board decisions and that the burden is on the appellant to show that he suffered prejudice as a result of VA error). The appellant has not met his burden to show that any prejudice resulted from this error. Accordingly, the Court holds that any error in the Board's notation of the appellant's representation was harmless.

### 2. Duty To Assist

The appellant also argues that VA violated its duty to assist him with his claim when it did not review his entire claims file, and the April 1976 Board decision thus contained CUE. Appellant's Informal Br. at 1-2. The Board found in March 2016 that a violation of the duty to assist may not constitute CUE. R. at 10. The Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, because the failure to fulfill the duty to assist may not constitute CUE. *See* 38 C.F.R. § 20.1403(d)(2) (2017) ("The Secretary's failure to fulfill the duty to assist" is not CUE); *see also Cook v. Principi*, 318 F.3d 1334, 1344-46 (Fed. Cir. 2002); *Disabled Am. Veterans*, 234 F.3d at 696; *King*, 26 Vet.App. at 438 (The breach of the duty to assist creates an "'incomplete rather than an incorrect record.'") (quoting *Caffrey v. Brown*, 6 Vet.App. 377, 384 (1994); *Roberts v. Shinseki*, 23 Vet.App. 416, 444 (2010); *Hyatt v. Nicholson*, 21 Vet.App. 390, 396 (2007). Additionally, the Board's findings were supported by an adequate statement of its reasons or bases for determining that the Board appropriately reviewed the evidence in April 1976. R. at 10-11. Thus, the Court finds the appellant's argument unpersuasive.

### 3. Fraudulent 1975 Examination

Finally, the appellant argues that the Board erroneously stated that a proctoscopy was conducted. Appellant's Informal Br. at App. 2. The appellant more specifically alleges that the examination report was forged. *See id.* In the March 4, 2016, Board decision, the Board noted that the appellant had undergone a VA proctoscopic examination in July 1975 and discussed the examination report. R. at 8, 10. The Board found that the report included the appellant's name and

6

claim number, appeared to belong to the appellant, and that the report did not appear to be forged. R. at 10. In the April 1976 Board decision that is the subject of the motion for revision based on CUE, in its summation of the evidence, the Board referred to the "normal" proctoscopic examination conducted in July 1975. R. at 3137. The record contains documentation of the July 1975 VA proctoscopic examination, after which the physician rendered a provisional diagnosis of diverticulosis of the colon with a history of spastic colon syndrome. R. at 3240.

First, the Court looks to whether the correct facts were not before the adjudicator or whether the statutory or regulatory provisions then existing were incorrectly applied. *Damrel*, 6 Vet.App. at 245. The appellant's argument centers on the alleged forgery of the July 1975 proctoscopic examination report. *See* Appellant's Informal Br. at App. 2. In the April 1976 decision, the Board made no factual findings on the veracity of the July 1975 examination report. *See* R. at 3135-39. Based in part on the July 1975 examination report, the Board found that the appellant's diverticulosis warranted a noncompensable rating because the appellant had no diverticula of the colon as shown by the most recent barium enema. R. at 3137, 3139. In the March 4, 2016, Board decision, the Board noted that the appellant had undergone a VA proctoscopic examination in July 1975 and discussed the examination report. R. at 8, 10. The Board found that the report included the appellant's name and claim number, appeared to belong to the appellant, and did not appear to be forged. R. at 10. The Board found that there was no evidence of forged documents. R. at 11. The Court holds that the 2016 Board decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law or unsupported by an inadequate statement of reasons or bases. 38 U.S.C. § 7261(a)(3); *Russell*, 3 Vet.App. at 315. Accordingly, the appellant's argument fails as to this element.

Second, the Court looks to whether the alleged error is "undebatable," not merely "a disagreement as to how the facts were weighed or evaluated." *Russell*, 3 Vet.App. at 313-14. Again, the appellant has not presented any evidence that any of the Board's findings constitute "undebatable" error. *See* Appellant's Informal Br. at App. 2. The appellant therefore fails to show that any error was more than a mere disagreement with how the Board weighed the evidence. *See Owens v. Brown*, 7 Vet.App. 429, 433 (1995) ("It is the responsibility of the [Board], not [the] Court, to assess the credibility and weight to be given to evidence."). For this reason, the appellant's argument also fails as to this element.

7

Finally, the Court looks to whether the alleged error "manifestly changed the outcome" of the April 1976 Board decision when that decision was made. *Russell*, 3 Vet.App. at 313-14. The Board concluded in April 1976 that the appellant's diverticulosis did not warrant an increased (compensable) rating. R. at 3139. The appellant has not made any argument that he is entitled to a compensable disability rating for diverticulosis; rather, the appellant asks the Court to order "[j]ail time on the charge of [c]onspiracy." Appellant's Informal Br. at 3. The appellant has not presented any evidence or argument that the Board's finding had any manifest change in the outcome of the Board's April 1976 decision. The appellant's argument also fails as to this element.

### 4. Other Matters

In his 2004 motions alleging CUE, the appellant argued that the 1976 Board committed CUE in its consideration of a September 2000 compensation and pension examination and that the records did not contain his complaints of pain in his rectum. R. at 2653-54. The appellant alleged CUE in the "malpra[c]tice" of a physician connected to the September 2000 examination and to a January 1999 VA examination. R. at 2654. The appellant asserted that he had requested a "full and clear copy" of his file in January 2001 and had not yet received the copy. R. at 2738.

The appellant did not raise these issues in his brief before the Court. This Court, like other appellate courts, may exercise its discretion not to address arguments not raised in the initial briefs. Accordingly, the Court declines to address the arguments that the Board did not undertake and will not address this matter further.[3] *See Pederson v. McDonald*, 27 Vet.App. 276, 283 (2015); *Breeden v. Principi*, 17 Vet.App. 475, 478 (2004).

### III. CONCLUSION

For the foregoing reasons, the March 4, 2016, Board decision is AFFIRMED.

GREENBERG, *Judge, dissenting*: I dissent. The appellant, Victor W. Abbott, appeals pro se a March 4, 2016, Board of Veterans' Appeals (Board) decision that found that there was no clear

---

[3] Although the Court has jurisdiction to consider the Board's failure to address a pending issue, as noted above, the appellant did not raise this in his initial brief before the Court, failing to satisfy even the liberal standard for pro se pleadings at the Court. *See Godfrey v. Derwinski*, 2 Vet.App. 352, 357 (1992) (citing *Smith v. Derwinski*, 2 Vet.App. 137, 141 (1992)); *see also March v. Brown*, 7 Vet.App. 163, 169 (1994) (liberally reading a pro se appellant's application for attorney's fees to determine that the appellant alleged that the position of the Secretary was not substantially justified); *In re Quigley*, 1 Vet.App. 1 (1990) (liberally construing a letter from a pro se litigant to be a petition for extraordinary relief).

and unmistakable error (CUE) in an April 21, 1976, Board decision that denied an increased disability rating for service-connected diverticulitis of the colon. Record (R.) at 2-11. The Court should reverse the Board's March 2016 decision and remand the matter for VA to reinstate a 30% disability rating, effective August 1, 1975, for diverticulitis of the colon.

I.

The appellant is a Vietnam Veteran who served on active duty as a nuclear power electronics technician in the U.S. Navy from October 1961 to June 1965 and from November 1966 to February 1973. R. at 3018-19, 316-17 (DD Forms 214). In January 1972, the appellant was hospitalized following an attack of acute diverticulitis. R. at 3310.

In July 1973, the regional office (RO) granted the appellant service connection for "diverticulitis of colon with history of spastic colon syndrome" and was awarded a 30% disability rating. R. at 3286-91. The rating decision states: "Current examination shows that since episode of acute diverticulitis in [January] 1972 veteran has been having severe heartburn; no dysphagia. He has frequent episodes of non-bloody diarrhea. Report indicates that rectal [polyp] was removed."[4] R. at 3290.

During an April 1975 "routine future examination," an examiner observed that the appellant "[showed] not the slightest sign of poor nutrition," and found the appellant's gastrointestinal series and blood sugar normal. R. at 3238.

In May 1975, the RO reduced the appellant's rating from 30% to 0%, finding that his symptoms no longer warranted a compensable evaluation. R. at 3225. The appellant appealed this determination. R. at 3217, 68-69.

A private examiner administered a barium enema with air contrast on the appellant in June 1975, which revealed a normal colon with no diverticula or "undue fluoroscopic evidence of bowel irritability." R. at 3239. A February 1976 statement from the appellant's accredited representative reflects that the appellant continued to have "frequent episodes of diarrhea and pain." R. at 3146.

On April 21, 1976, the Board relied on the April 1975 "future examination" and June 1975 private examiner's findings to determine that "[e]ntitlement to an increased rating for diverticulosis of the colon has not been established." R. at 3139. The Board stated that

---

[4] The regional office also granted service connection for a rectal polyp with a noncompensable disability rating. R. at 3291.

[i]n order to receive a compensable rating for the veteran's service-connected abnormality of his digestive system, in addition to merely subjective complaints. In this regard, in the absence of any showing of diverticula upon the recent barium enema, the Board is of the opinion that his noncompensable evaluation is commensurate with the clinical data.

R. at 3139. The Board did not address the applicability of 38 C.F.R. § 3.344(a).

In March 2004, the appellant filed a motion alleging CUE in this decision. *See* R. at 2652-55, 2738-39.

In March 2016, the Board issued the decision on appeal where it found that there was no CUE in the April 21, 1976, Board decision. R. at 2-11. In reaching this conclusion the Board stated:

The April 1976 Board decision notes that the appeal stems from the May 1975 reduction of the rating for diverticulosis and considered whether an increase was warranted. The Veteran was notified of the reduction and it was not effective until 60 days following notification. There is no indication that the outcome would have been different if the Board had specifically considered the propriety of the reduction as opposed to whether a compensable rating was warranted.

R. at 10. The Board further found that "[t]o the extent that the [v]eteran asserts he continued to experience vomiting and diarrhea and that the evidence supported a compensable rating, his arguments amount to no more than disagreement with how the facts were weighed (i.e., subjective complaints versus objective findings) and does not rise to the level of CUE." R. at 11.

## II.

The applicable diagnostic code (DC) for diverticulitis provided:

| | |
|---|---|
| Severe, diarrhea, or alternating diarrhea and constipation with more or less constant abdominal distress | 30% |
| Moderate, frequent episodes of bowel disturbance with abdominal distress | 10% |
| Mild, disturbances of bowel function with occasional episodes of abdominal distress | 0% |

38 C.F.R. § 4.114, DC 7319 (1975)[5].

In April 1976, the VA regulation addressing the reductions of disability ratings required adjudicators to

---

[5] DC 7327 instructs the rating specialist to rate diverticulitis as irritable bowel syndrome, peritoneal adhesions or colitis, ulcerative, depending on the predominant disability picture. *See* 38 C.F.R. § 4.114, DC 7327 (1975).

handle cases of medical findings or diagnosis, so as to produce the *greatest degree* of stability of disability evaluations consistent with the laws and Veterans Administration regulations governing disability compensation and pension. It is essential that the entire record of examinations and the medical-industrial history be reviewed to ascertain whether the recent examination is full and complete. . . *Examinations less full and complete than those on which payments were authorized and continued will not be used as a basis of reduction.* Ratings on account of diseases subject to temporary improvement . . . will not be reduced on any one examination, except in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated. Moreover, though material improvement in the physical . . . condition is clearly reflected the rating agency will [consider] whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life.

38 C.F.R. § 3.344(a)(1975) (emphasis added).

A motion for revision on the basis of CUE is a collateral attack on a final RO or Board decision. *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 696-98 (Fed. Cir. 2000). CUE is established when the following conditions are met: First, either (1) the correct facts in the record were not before the adjudicator, or (2) the statutory or regulatory provisions in existence at the time were incorrectly applied. *Damrel v. Brown*, 6 Vet.App. 242, 245 (1994). Second, the alleged error must be "undebatable," not merely "a disagreement as to how the facts were weighed or evaluated." *Russell v. Principi*, 3 Vet.App. 310, 313-14 (1992) (en banc). Finally, the commission of the alleged error must have "manifestly changed the outcome" of the decision being attacked on the basis of CUE at the time that decision was rendered. *Id*.; *see Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir. 1999) (expressly adopting "manifestly changed the outcome" language in *Russell*); *see also King v. Shinseki*, 26 Vet.App. 433, 442 (2014) (citing *Russell*, 3 Vet.App. at 313-14) ("Whether it is reasonable to conclude that the outcome would have been different is not the standard that must be met for a motion alleging [CUE] to succeed. The governing law requires that the error be 'undebatable' and that the commission of the alleged error must have 'manifestly changed the outcome' of the decision.").

The Court's review of the Board's determination on the existence of CUE is limited to whether that conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or unsupported by adequate reasons or bases. 38 U.S.C. § 7261(a)(3); *Russell*, 3 Vet.App. at 315. That standard of review "'contemplates de novo review of questions

of law,'" including whether the Board correctly applied law or regulation. *Joyce v. Nicholson*, 19 Vet.App. 36, 43 (2005) (quoting *Kent v. Principi*, 389 F.3d 1380, 1384 (Fed. Cir. 2004)).

Generally, an appeal from a rating reduction action is a claim as to whether the reduction was proper, not whether the veteran is entitled to an increased rating. *See Dofflemyer v. Derwinski*, 2 Vet.App. 277, 279-80 (1992). When the issue is whether the RO is justified in reducing a veteran's protected rating, the Board is required to establish, by a preponderance of the evidence and in compliance with 38 C.F.R. § 3.344, that a rating reduction is warranted. *Brown v. Brown*, 5 Vet.App. 413, 421 (1993). Therefore, if a Board decision purports to affirm an RO's rating reduction decision, but does so only on the basis that increased compensation is not warranted, without consideration of the proper rating reduction regulations, the Board decision is not in accordance with law and the rating is void ab initio. *Id.*; *see also Kitchens v. Brown*, 7 Vet.App. 320 (1995).

In *Sorakubo v. Principi*, 16 Vet.App. 120 (2002), the Court applied *Dofflemyer*, *Kitchens*, and *Brown* in the context of CUE. The Court found that, because the parties agreed that the prior Board did not apply the provisions of § 3.344(c), the prior Board's decision was void ab initio and the Board's determination that there was no CUE in the earlier decision was, on its face, "not in accordance with law and must be reversed." 16 Vet.App. 120, 124 (2002) (citing 38 U.S.C. § 7261(a)(3)(A); *Dofflemyer*, 2 Vet.App. at 282). Although *Sorakubo* addressed a case where the provisions of § 3.344(c) applied, whether the same reasoning applies to § 3.344(a) is a matter of first impression.

The Court should have held that a failure to apply § 3.344(a) may form the basis of CUE in the context of a rating reduction decision. A claimant must still establish that the commission of the alleged error must have "manifestly changed the outcome" of the decision being attacked. *See Russell*, 3 Vet.App. at 313-14. Here, the appellant has met that burden.


III.

I conclude that the Board's determination that there was no CUE in the April 21, 1976, Board decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 38 U.S.C. § 7261(a)(3); *Russell*, 3 Vet.App. at 315. Although the Board found that the April 1976 Board's treatment of the appellant's claim as an increased rating as opposed to

considering the propriety of the rating reduction did not amount to CUE, the Secretary failed to correctly apply his regulations in the April 1976 Board decision. *See Damrel*, 6 Vet.App. at 245.

This error "manifestly changed the outcome" of the Board's April 1976 decision, *see Russell,* 3 Vet.App at 313-14, because the appellant's 30% disability rating was based on severe heartburn and frequent diarrhea, not on the presence of diverticulitis, s*ee* R. at 3290; *see also* DC 7319. None of the medical examinations relied upon addressed the appellant's complaints of frequent diarrhea and pain, *see* R. at 3238, 3239, and thus were "less full and complete than those on which payments were authorized." *See* 38 C.F.R. § 3.344(a). Further, even if the April 1975 and June 1975 medical examinations evidenced improvement of the appellant's condition, the Board did not consider whether this improvement would be maintained under the ordinary conditions of life, *see id.,* and the appellant complained of frequent diarrhea and pain *after* these examinations, R. at 3146. Had the Board properly applied § 3.344(a) in its April 1976 decision, it could not have determined that a rating reduction was warranted based on the evidence of record. The Board's March 2016 determination that there was no CUE in the Board's failure to address 38 C.F.R. § 3.344(a) in the context of a rating reduction decision therefore did not comport with law and should be void ab initio. *See Brown,* 5 Vet.App. at 21; *see also Kitchens v. Brown*, 7 Vet.App. 320 (1995).