﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 191107-45010
DATE: August 31, 2020

ORDER

Service connection for bilateral sensorineural hearing loss is denied.

Service connection for tinnitus is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against a finding that the Veteran’s bilateral hearing loss either began during service, within one year of separation from service, or was otherwise caused by his active service.

2. The preponderance of the evidence is against a finding that the Veteran’s tinnitus either began during service, within one year of separation from service, or was otherwise caused by his active service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.385. 

2. The criteria for entitlement to service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service from September 1969 to September 1971. 

In a June 2019 rating decision, the Regional Office (RO) denied service connection for bilateral hearing loss and tinnitus. The Veteran disagreed with that decision by filing a timely Decision Review Request: Board Appeal (Notice of Disagreement). See June 2019 VA Form 10182. He requested Direct Review by a Veterans Law Judge (VLJ). Due to his selection of the Direct Review “lane” under the Appeals Modernization Act (AMA), the Board will review the same evidence of record at the time of that rating decision. 

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.

Additionally, for Veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, such as organic diseases of the nervous system, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. In an October 4, 1995, opinion, VA’s Under Secretary for Health determined that it was appropriate to consider high frequency sensorineural hearing loss and tinnitus organic diseases of the nervous system and therefore a presumptive disability. 

Alternatively, when a disease at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one-year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R.§ 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The United States Court of Appeals for Veterans Claims (Court) has held that service connection can be granted for a hearing loss where the Veteran can establish a nexus between his current hearing loss and a disability or injury he suffered while he was in military service. Godfrey v. Derwinski, 2 Vet. App. 352, 356 (1992). The Court has also held that VA regulations do not preclude service connection for a hearing loss which first met VA’s definition of disability after service. Hensley v. Brown, 5 Vet. App. 155, 159 (1993). 

Lay evidence may, in some circumstances, establish a medical diagnosis, causation or etiology, i.e., when a layperson (1) is competent to identify the medical condition, (2) is reporting a contemporaneous medical diagnosis, or (3) describes symptoms at the time which supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Although a lay person is competent in certain situations to provide a diagnosis of a simple condition, a lay person is not competent to provide evidence as to more complex medical questions. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

1. Entitlement to service connection for bilateral hearing loss

The Veteran contends that his current bilateral hearing loss is the result of acoustic trauma during his military service as a Chaparral Crewmember. VA audiological testing in January 2019 confirms the Veteran has a hearing loss disability pursuant to 38 C.F.R. § 3.385.

Review of the claims file also shows that the Veteran’s exposure to excessive noises during service has been conceded based on his duties performed. See June 2019 rating decision. What is missing is competent medical evidence linking his current hearing loss disability to the excessive noise exposure in service. For reasons set forth below, the Board concludes that preponderance of the evidence is against the claim and the claim for service connection for bilateral hearing loss must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

The Veteran’s service treatment records (STRs) are silent for any complaints, findings, treatment, or diagnoses related to hearing loss. His post service treatment records are similarly silent for any opinions concerning the etiology of his bilateral hearing loss.

In January 2019, a VA examiner opined that the Veteran’s current bilateral hearing loss was less likely than not incurred in or caused by his military service. The examiner noted for rationale of the opinion that the Veteran’s service entrance examination revealed normal hearing and that there was no valid postservice testing available. The examiner explained there was only a whisper voice test completed at the time of the Veteran’s separation from service, which was not a reliable indicator of hearing loss. However, there was also no report of complaints or treatment for hearing decrease in the Veteran’s service treatment records or at the time of his service separation. The examiner then stated that although noise exposure was conceded, and the relationship of noise, auditory damage and hearing loss was well-established, auditory damage and hearing loss were not conceded based on noise alone. There had to be a nexus of auditory damage to relate current hearing loss to military noise and not another etiology, and because the evidence in this case did not show such a nexus, it was less likely than not that the Veteran’s hearing loss was related to his military noise exposure. See January 2019 VA examination. 

The Board finds the January 2019 VA examiner’s medical opinion is probative as it is based on a complete review of the Veteran’s claims file and provides adequate reasons and bases for the opinion rendered. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). It is also supported by the Veteran’s postservice VA treatment records which show that during routine reviews of the system in 2001 and 2002, his hearing was noted to be “good,” and in 2003 and 2004, his hearing was noted to “OK.” 

In July 2020, the Veteran’s representative presented argument that the January 2019 VA examination report was inadequate, and stated that the examiner improperly relied solely on documented normal hearing levels shown at the Veteran’s entrance and separation from service, combined with the lack of evidence of a significant change in hearing during service. Citing to Hensley v. Brown, 5 Vet. App. 155, 59 (1993), the representative argued that this alone did not preclude service connection where the veteran established that the current disability was causally related to service. See July 2020 Representative Brief.

While the Board recognizes the representative’s arguments, it is also observed that the Veteran himself has not made any specific contentions which would causally connect his bilateral hearing loss with his service. The fact that he was exposed to excessive noise alone is not sufficient to establish a causal connection between his service and his current disability. Here, the Veteran has not shown his current disability is causally related to service nor does the objective evidence of record support a relationship between in-service noise exposure and hearing loss.

Regarding the claim, as noted above, the Veteran has current bilateral hearing loss and his exposure to noise in service has been established. Review of the evidence, however, does not show that he was diagnosed with sensorineural hearing loss within one year of separation from service, nor is there any notation of hearing loss during service. Finally, the competent evidence of record does not demonstrate a nexus between noise exposure in service and the Veteran’s hearing loss. The Board finds that the 2019 VA examination report provides the most probative evidence against the claim, and notes that the examiner interviewed the Veteran and reviewed the claims file (to include the Veteran’s service treatment records). This VA opinion is therefore persuasive and probative on the issue of whether the Veteran’s hearing loss may be related to service. There is no competent medical evidence to the contrary. 

The Board acknowledges the Veteran’s contentions that his hearing loss is related to noise exposure in service, but finds his statements are not competent evidence as to a nexus. Although it is error to categorically reject a lay person as competent to provide a nexus opinion, not all questions of nexus are subject to non-expert opinion. 38 U.S.C. § 1153(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed Cir. 2007). Here, the Veteran can testify as to the symptoms of his bilateral hearing loss. The question of whether his hearing loss is related to noise exposure in service, on the other hand, requires clinical testing and training to make the appropriate interpretations and conclusions regarding the specific nature of the disability and about what the testing demonstrates in conjunction with the symptoms and experiences reported. 

In conclusion, the preponderance of the evidence is against a finding of a nexus between the Veteran’s bilateral hearing loss and his service, to include his exposure to noise trauma therein. Accordingly, the appeal seeking service connection for bilateral hearing loss must be denied.

2. Entitlement to service connection for tinnitus

The Veteran also seeks service connection for tinnitus based on conceded noise exposure during his military service.

The January 2019 VA audiological examination confirms that the Veteran has a current diagnosis of tinnitus. Further, as previously discussed, his exposure to hazardous noises during service has been conceded by VA. 

What is missing is competent evidence linking the Veteran’s current tinnitus to the hazardous noise exposure in service. For reasons set forth below, the Board concludes that preponderance of the evidence is against the claim and the claim for service connection for tinnitus must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Again, the only competent medical evidence of record is the January 2019 audiological examination which found the Veteran’s tinnitus was less likely than not related to an in-service injury, event or disease including in-service medical treatment. In support of that finding, the examiner noted that the Veteran reported the onset of tinnitus to be post-separation. Specifically, the Veteran reported the date of onset as the last 5 to 10 years, which is over 30 years post-service. The examiner explained that there was no report of tinnitus in service treatment records, at separation or in the medical records until the time of the Veteran’s claim. Furthermore, the current medical literature did not support late onset noise-induced tinnitus. See January 2019 VA examination. 

The Board finds the VA examiner’s medical opinion to be probative as it is based on a complete review of the Veteran’s claims file, in person examination and provides adequate reasons and bases for the opinion rendered. Id. It is also supported by the Veteran’s service treatment records which are silent for any complaints, findings, treatment, or diagnosis of tinnitus in service as well as the Veteran’s post-service treatment records which do not show a complaint of tinnitus until many years after service.

In making the above findings, the Board recognizes that the United States Court of Appeals for Veterans Claims (Court) has held that tinnitus is a type of disorder associated with symptoms capable of lay observation, and that lay testimony may provide sufficient support for a claim of service connection. Here, however, the record includes evidence from the Veteran that he did not begin to experience ringing in his ears until the last 5 to 10 years. The Veteran has not made a specific contention that connects the onset of the ringing in his ears to his military service. Lastly, as just discussed, the record does not include an adequate positive medical opinion connecting the Veteran’s tinnitus to his military noise exposure. The Veteran himself has not offered statements linking his current tinnitus to his military service. Whether a current disability is related to military service (in the absence of continuity of symptomatology, as in this case) involves medical questions and is not capable of resolution through lay observation. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). 

In conclusion, the preponderance of the evidence is against a finding of a nexus between the Veteran’s tinnitus and his service, to include his exposure to noise trauma therein. Accordingly, the appeal seeking service connection for tinnitus must be denied.

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Churchwell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.